680 So.2d 390 (1996)
Jack Dempsey FERRELL, Appellant,
v.
STATE of Florida, Appellee.
No. 81,668.
Supreme Court of Florida.
April 11, 1996.
Order Denying Rehearing October 3, 1996.
Dissenting Opinion on Denial of Rehearing October 3, 1996.
James B. Gibson, Public Defender and Michael S. Becker, Assistant Public Defender, Seventh Judicial Circuit, Daytona Beach, Florida, for Appellant.
Robert A. Butterworth, Attorney General; and Dan Haun and Kenneth S. Nunnelley, Assistant Attorneys General, Daytona Beach, Florida, for Appellee.
PER CURIAM.
We have on appeal a circuit court order imposing the death penalty on Jack Dempsey Ferrell. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const. We affirm.
Ferrell was convicted of first-degree murder and sentenced to death for shooting his live-in girlfriend twice in the head. The facts are set out fully in Ferrell v. State, 653 So.2d 367 (Fla.1995). The trial court followed the jury's ten-to-two vote and imposed the death penalty based on the following analysis of aggravating and mitigating circumstances:
This Court has found the existence of one (1) aggravating circumstance proved beyond a reasonable doubt by the State of Florida. That factor being the Defendant, JACK DEMPSEY FERRELL, has previously been convicted of another felony involving *391 the use or threat of violence to some person. This Court has further considered all statutory and nonstatutory mitigating factors presented by the Defendant, JACK DEMPSEY FERRELL. The Court has carefully weighed the aggravating circumstance as well as the circumstances presented in mitigation and the Court does find that the aggravating circumstances outweighs [sic] the mitigating circumstances in this case.
Id. at 370-71. We affirmed the conviction but found the sentencing order deficient for failing to adequately address mitigating circumstances under Campbell v. State, 571 So.2d 415 (Fla.1990). We remanded for a new order.
The trial court has submitted a new order explaining in detail its reasons for imposing the death penalty. The sentence is based on one aggravating circumstance[1] and several nonstatutory mitigating circumstances.[2] Ferrell raises two issues on appeal.
The trial court in its current sentencing order rejected the proposed statutory mitigating circumstances of "substantially impaired" and "extremely disturbed" after stating that the two were "based on testimony from the guilt phase of the trial." Ferrell argues that the trial court thus overlooked the testimony of the defense mental health expert, Dr. Upson, who testified only in the penalty phase.
The record shows that Dr. Upson testified in both the guilt and penalty phases and that his brief testimony in the penalty phase (ten pages of transcript) merely encapsulated his vastly more extensive (ninety-two pages of transcript) and detailed guilt phase testimony. We find no error.
Ferrell next argues that his death sentence is disproportionate when compared to other cases involving a single aggravating circumstance. We disagree. Although we have reversed the death penalty in single-aggravator cases where substantial mitigation was present, we have affirmed the penalty despite mitigation in other cases where the lone aggravator was especially weighty. Compare Songer v. State, 544 So.2d 1010 (Fla.1989) (death sentence reversed where single aggravating factor of "under sentence of imprisonment" was weighed against three statutory and seven nonstatutory mitigators) with Duncan v. State, 619 So.2d 279 (Fla.), cert. denied, 510 U.S. 969, 114 S.Ct. 453, 126 L.Ed.2d 385 (1993) (death sentence affirmed where single aggravating factor of prior second-degree murder of fellow inmate was weighed against numerous mitigators).
In the present case, although the court found a number of mitigating circumstances established, it assigned little weight to each. The lone aggravating circumstance, on the other hand, is weighty. The prior violent felony Ferrell was convicted of committing was a second-degree murder bearing many of the earmarks of the present crime, as reported in the presentence investigation:
Circumstances: The female (victim) was slumped in the right front seat of a vehicle. According to witnesses, the suspect later identified as the defendant, was upset with the victim and pulled his vehicle alongside the vehicle in which the victim was riding. The defendant allegedly got out of his vehicle carrying a .22 caliber rifle, placed the rifle to his shoulder and stated, "Bitch, I'm tired of your fucking me." The defendant then pointed the gun approximately one foot from her head and fired several shots at her head, for a total of eight. Upon the defendant's arrest, he told the police he would take them to the house and give them the gun he used and also stated that he had shot the victim and was glad he did and hoped she died.
We find Ferrell's death sentence proportionate to other capital cases. See, e.g., Duncan. We find Ferrell's sentence commensurate to the crime in light of the similar nature of the prior violent offense. Cf. King v. State, 436 So.2d 50 (Fla.1983), cert. denied, 466 U.S. 909, 104 S.Ct. 1690, 80 L.Ed.2d 163 (1984) (death sentence affirmed for shooting *392 live-in girlfriend where prior conviction was for axe-slaying of common-law wife).[3]
We affirm the death sentence.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.

ON MOTION FOR REHEARING
PER CURIAM.
The appellant's motion for rehearing is hereby denied.
OVERTON, SHAW, GRIMES, HARDING and WELLS, JJ., concur.
ANSTEAD, J., dissents with an opinion, in which KOGAN, C.J.,[*] concurs.
ANSTEAD, J., dissenting.
I would grant rehearing and direct the parties to file briefs as to the manner in which the trial court amended its sentencing order on remand from this Court. As noted in the majority opinion, we "found the sentencing order deficient for failing to adequately address mitigating circumstances...."
It appears from a transcript of the hearing held on remand that the trial judge concluded that portions of his original sentencing order had inadvertently been omitted from the appellate record sent to this Court. That order contained findings that the statutory mitigating factors of "extreme mental and emotional disturbance" and "substantial impairment of appellant's ability to conform his conduct to the requirements of the law" were established in this case. Rather than entering an order referring to the apparently misplaced original order, the trial court prepared a second order that again found the two statutory mitigating factors described above. However, before executing this order, the trial court had a brief discussion with counsel and then enter a third order not finding the two statutory mitigators to exist. This change of findings, without explanation of any kind, completely undermines confidence in the sentencing order under review.
As noted by the majority, the death sentence imposed herein rests on one aggravator, and "we have reversed the death penalty in single-aggravator cases where substantial mitigation was present, [and] we have affirmed the penalty despite mitigation in other cases where the lone aggravator was especially weighty." The presence of substantial mitigation obviously could make a difference in this case. Because the trial court's unexplained actions have undermined confidence in the sentence, we should grant rehearing.
KOGAN, C.J., concurs.
NOTES
[1] The court found that Ferrell had been convicted of committing a prior violent felony.
[2] The court found that Ferrell was impaired, was disturbed, was under the influence of alcohol, was a good worker, was a good prisoner, and was remorseful.
[3] See also Lemon v. State, 456 So.2d 885 (Fla. 1984), cert. denied, 469 U.S. 1230, 105 S.Ct. 1233, 84 L.Ed.2d 370 (1985) (death sentence affirmed for stabbing/strangulation of girlfriend where prior conviction was for assault with intent to commit first-degree murder for stabbing female victim); Harvard v. State, 414 So.2d 1032 (Fla.1982), cert. denied, 459 U.S. 1128, 103 S.Ct. 764, 74 L.Ed.2d 979 (1983) (death sentence affirmed for shooting second ex-wife where prior conviction was for aggravated assault arising from shooting attack on first ex-wife and her sister).
[*] Editor's Note: Justice Kogan became Chief Justice subsequent to the issuance of the April 11, 1996 opinion.