POLSTON, J.,
concurring in part dissenting in part.
I agree with the majority’s decision to affirm Ballard’s conviction for first-degree murder. I also agree that there is competent substantial evidence to support the cold, calculated, and premeditated (CCP) aggravator. Unlike the majority, however, I would affirm Ballard’s death sentence because it is proportionate when compared to other death penalty cases. See, e.g., Butler v. State, 842 So.2d 817 (Fla.2003) (upholding death sentence where trial court found one aggravator and several mitigators); LaMarca v. State, 785 So.2d 1209 (Fla.2001) (upholding death sentence where trial court found one aggravator and less than substantial mitigation in case where father murdered son-in-law in order to have his daughter, who he had raped, *921 for himself). Planning in advance and executing a brutal murder for the purpose of continuing an inappropriate and incestuous relationship with the victim’s minor daughter, with only mitigation of little and slight weight, certainly qualifies as one of the most aggravated and least mitigated of murders. See Window, v. State, 656 So.2d 432, 440 (Fla.1995) (“It is well settled that it is not the number of aggravating and mitigating circumstances that is critical but the weight to be given each of them.”).
The trial court here found the CCP ag-gravator based upon Ballard’s deliberate actions after he realized that his stepdaughter was not going to return custody of her minor daughter to Ballard, custody Ballard desired in order to continue his sexual relationship with the minor. Ballard began planning the murder of Autumn Traub in early September when he purchased an eighteen-inch metal pipe and duct tape from a hardware store. And the day before he killed her, Ballard scouted a remote area where he could commit the murder and dispose of the body. Then, Ballard coldly carried out his plan on the morning of September 13, 2006, when he lured his stepdaughter from her home and to her death after stealthily waiting for her husband to leave the house.
This Court has repeatedly stated that CCP is one of the most serious and weightiest aggravating circumstances. See Diaz v. State, 860 So.2d 960, 971 (Fla.2003); Morton v. State, 789 So.2d 324, 331 (Fla.2001); Larkins v. State, 739 So.2d 90, 95 (Fla.1999). This Court also has explained that “[w]hen one or more of the aggravating circumstances is found, death is presumed to be the proper sentence unless it or they are overridden by one or more of- the mitigating circumstances.” Diaz v. State, 860 So.2d at 971 (quoting State v. Dixon, 283 So.2d 1, 9 (Fla.1973)). However, in this case, the majority summarily vacates Ballard’s death sentence and reduces it to life by simply identifying CCP as the only aggravator. See majority op. at 919-20.
This Court has upheld death sentences based upon a single aggravating circumstance. See Butler, 842 So.2d 817; LaMarca, 785 So.2d 1209; Burns v. State, 699 So.2d 646 (Fla.1997); Ferrell v. State, 680 So.2d 390 (Fla.1996); Cardona v. State, 641 So.2d 361 (Fla.1994), postconviction relief granted on other grounds, 826 So.2d 968 (Fla.2002). While it is true that “[tjhis Court has vacated numerous death sentences where there was only one aggravating factor[,] those cases generally involved substantial mitigating circumstances.” LaMarca, 785 So.2d at 1216. Unlike those cases, the trial court here found the mitigation to be less than substantial. And it is not this Court’s function to reweigh the mitigating circumstances. See Merck v. State, 975 So.2d 1054, 1065 (Fla.2007) (“This Court reviews a trial court’s assignment of weight to proven mitigating factors under an abuse-of-discretion standard. Again, we do not reweigh the aggravating and mitigating factors. We defer to the trial court’s determination. ...”).
In this case, the trial court indicated that it was aware of this Court’s single aggravator decisions, but after weighing the single strong aggravator of CCP against the “very little” mitigation, the trial court found that the aggravating circumstance “far outweighs” the mitigating circumstances.[3] More specifically, while *922 the trial court found three statutory miti-gators and various nonstatutory miti-gators, it assigned this mitigation less than substantial weight. In regard to the statutory mitigator of extreme mental or emotional disturbance due to alleged stroke-induced brain damage, the trial court explained that it was only given “slight weight” because of testimony explaining that the MRI findings were not significant and testimony that there were “no outward signs of brain damage” and no changes in Ballard’s behavior or demean- or. And the trial court only gave the aggravator of capacity to appreciate the criminality of his conduct “slight weight” because the alleged drug toxicity exacerbating his medical problems would cause dizziness and slurred speech, not confusion or anything else that would lead to Ballard not being able to appreciate the criminality of his conduct or to conform his conduct to the requirements of law. Additionally, the trial court assigned the statutory age ag-gravator “little to slight weight,” because, although Ballard was 65 at the time of the murder, his aging “did not appear to slow him down” as he worked at a full-time job that started before 7:00 a.m. and “required both physical stamina and mental acuity.” Furthermore, much of the proposed non-statutory mitigation involved Ballard’s actual motive for killing his stepdaughter, namely his incestuous relationship with her minor daughter. See majority op. at 916-17 n. 1 (noting that the trial court considered that Ballard was charitable to his stepfamily (no weight), that Ballard had a lack of societal inhibition (little weight), that Ballard suffered from an obsession to regain custody of the minor girl (no weight), that Ballard had a past domestic relationship with his victim and her minor daughter (no weight), and that Ballard was involved in a quarrel with the victim over her daughter’s custody (no weight)). Therefore, because this case involved less than substantial mitigation, it is not similar to the single aggravator cases in which this Court has found the death sentence disproportionate. Cf. Besaraba v. State, 656 So.2d 441, 446-47 (Fla.1995) (finding death sentence disproportionate with single aggravator and “vast” mitigation); Nibert v. State, 574 So.2d 1059, 1062-63 (Fla.1990) (finding death sentence disproportionate with single aggravator and “substantial mitigation”).
This case is also not similar to the cases that the majority cites when concluding that Ballard’s death sentence was disproportionate. See majority op. at 920. In contrast to this case, the cases cited by the majority involved substantial mitigation, including evidence of severe and debilitating mental disorders. Specifically, the defendant in DeAngelo v. State, 616 So.2d 440, 443 (Fla.1993), had bipolar disorder, psychotic disorders, hallucinations, delusions, and paranoid thinking. And there was evidence that the defendant in Klokoc v. State, 589 So.2d 219, 221 (Fla.1991), suffered from bipolar affective disorder, manic type with paranoid features, among other mental problems.
To summarize, as found by the trial court, this case involves one of the most serious aggravators and less than substantial mitigation. It is not this Court’s function to reweigh these aggravating and mitigation circumstances. See Merck, 975 So.2d at 1065. The death sentence here is proportionate when compared to other death penalty cases. See, e.g., Butler, 842 So.2d 817; LaMarca, 785 So.2d 1209. Additionally, although the majority did not address it, Ballard’s claim that his death sentence is unconstitutional under Ring v. Arizona, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), is without merit. See Porter v. Crosby, 840 So.2d 981, 986 (Fla.2003) (holding in as-applied challenge that death is the statutory maximum sentence for first-degree murder); Butler v. State, *923 842 So.2d at 834 (upholding death sentence with HAC aggravator found by the trial court); see also Bottoson v. Moore, 833 So.2d 693 (Fla.2002); King v. Moore, 831 So.2d 143 (Fla.2002).
Accordingly, I would affirm both Ballard’s conviction and death sentence. I respectfully concur in part and dissent in part.
CANADY, C.J., concurs.

. The majority's ruling takes us further away from Florida's death penalty statute, which provides that the trial court must weigh miti-gators against aggravators. See § 921.141(3) (instructing the trial court to set forth written finding that the mitigators do not outweigh the sufficient aggravators). Nothing in the statute or constitution limits the weight or effect of a single aggravator.