653 So.2d 367 (1995)
Jack Dempsey FERRELL, Appellant,
v.
STATE of Florida, Appellee.
No. 81668.
Supreme Court of Florida.
February 16, 1995.
Rehearing Denied April 26, 1995.
*368 James B. Gibson, Public Defender and Michael S. Becker, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., and Dan Haun and Kenneth S. Nunnelley, Asst. Attys. Gen., Daytona Beach, for appellee.
PER CURIAM.
Jack Dempsey Ferrell appeals his conviction and sentence of death for the first-degree murder of Ms. Mary Esther Williams. We have jurisdiction. Art. V. § 3(b)(1), Fla. Const. We affirm the conviction and remand for a new sentencing order.
*369 Ferrell and Williams were live-in lovers whose relationship was marked by verbal and physical confrontations. On April 18, 1992, neighbors overheard the couple arguing and observed Ferrell enter and exit the couple's apartment several times. Upon his final exit and before driving away in his car, Ferrell approached one of the neighbors and stated, "You better call the police, I just killed my old lady upstairs." Williams was found lying on the apartment floor, having suffered two gun shots to the head. She died ten days later due to brain injury associated with hemorrhaging. When Ferrell was arrested he smelled of alcohol and possessed the gun that was subsequently identified as the murder weapon. At trial, Ferrell testified that the gun accidentally fired when Williams pushed him. This was refuted by the State's expert who testified that accidental firing of the gun was unlikely.
During the trial proceedings, evidence of a collateral crime was admitted when Ferrell's neighbor testified that approximately one week before the murder Ferrell told her that he had "killed one bitch and he will do it again" and "that if he went back to prison he's sure he wouldn't be coming back this time." The mental health expert opined that Ferrell has an IQ of eighty and suffers from brain and frontal lobe damage. The expert also opined that Ferrell's drinking contributed to his mental incapabilities. The jury found Ferrell guilty of first-degree murder and by a vote of ten to two recommended a sentence of death. Judge Daniel P. Dawson accepted the jury's recommendation and sentenced Ferrell to die. In appealing his conviction and sentence Ferrell asserts that the trial court: (1) improperly allowed evidence of the collateral crime; (2) erred in denying his motion to appoint co-counsel; (3) erred in denying his penalty phase requested jury instructions; (4) erred in imposing a death sentence without making, in writing, the requisite findings of fact; and (5) improperly imposed a death sentence based on one aggravating circumstance and approximately seven mitigating circumstances. For the reasons detailed below, we disagree with Ferrell's assertions in issues one, two, and three; agree with issue four; and decline to address the merits of issue five pending our receipt of a new sentencing order.
Ferrell's first issue asserts that the trial court violated Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959), as codified in section 90.404(2)(a), Florida Statutes (1992), when it allowed into evidence testimony concerning the collateral crime.[1] In allowing the testimony, the trial court ruled that Williams was not applicable, and that the testimony was relevant, not unduly prejudicial, and admissible to show premeditation or proof of guilt as to the crime charged. Pursuant to its ruling, the court instructed the jury as follows:
THE COURT: Ladies and gentlemen, I'm going to instruct you that the witness' testimony as to statements made by the defendant are offered to show premeditation or proof of guilt as to the crime charged, and you are to limit your consideration of these statements to those two issues.
We find that the court's ruling comports with the hearsay exception found in section 90.803(3), Florida Statutes (1991), which allows into evidence:
(a) A statement of the declarant's then existing state of mind, emotion, or physical sensation, including a statement of intent, plan, motive, design, mental feeling, pain, or bodily health, when such evidence is offered to:
....
2. Prove or explain acts of subsequent conduct of the declarant.
Accordingly, we find no error in the trial court's ruling.
Ferrell's second claim is two-fold. The first part of this claim  that he was denied effective assistance of counsel and due *370 process when the trial court refused defense counsel's request that co-counsel be appointed  is without merit based on our recent decision in Armstrong v. State, 642 So.2d 730 (Fla. 1994). In that case, we explained that "[a]ppointment of multiple counsel to represent an indigent defendant is within the discretion of the trial court judge and is based on a determination of the complexity of a given case and the attorney's effectiveness therein." Id. at 737. Ferrell's attorney admitted during the motion hearing that his case was not complicated.[2] Clearly, there was no abuse of discretion here. We also decline Ferrell's invitation to adopt a rule that would require the appointment of two attorneys in all capital cases. The standard set forth in Armstrong adequately protects the rights of defendants in capital cases.
Ferrell further asserts that the trial court erred when it denied his request for special jury instructions since the standard instruction failed to: (1) direct the jury that the death penalty is reserved for the most aggravated and least mitigated of all first-degree murders; (2) inform the jury to individually consider the evidence presented in mitigation regardless of the views of fellow jurors; (3) adequately define mitigating circumstances and how they should be considered; and (4) specify the non-statutory mitigating circumstances. However, as Ferrell's brief concedes, there is no "requirement in Florida law for the trial court to give the special requested instructions." See also Walls v. State, 641 So.2d 381, 389 (Fla. 1994) (the validity of the standard jury instruction on mitigating circumstances has been repeatedly upheld in this Court and the federal courts); Waterhouse v. State, 596 So.2d 1008, 1017 (Fla.), cert. denied, ___ U.S. ___, 113 S.Ct. 418, 121 L.Ed.2d 341 (1992) (Florida law does not require that the jury be instructed to make an individual determination as to the existence of any mitigating circumstances); Robinson v. State, 574 So.2d 108, 111 (Fla.), cert. denied, 502 U.S. 841, 112 S.Ct. 131, 116 L.Ed.2d 99 (1991) (the trial court need not instruct the jury on specific non-statutory mitigating circumstances); Lara v. State, 464 So.2d 1173, 1179 (Fla. 1985) (the standard jury instruction properly explains aggravating and mitigating circumstances). Based on the cited cases, we find no error in the trial court's ruling.
Issue four asserts that the sentencing order's failure to document the requisite findings of fact for mitigating and aggravating circumstances as required by section 921.141(3), Florida Statutes (Supp. 1992), denies this Court the opportunity to meaningfully review and evaluate the lower court's sentence of death and thus, entitles Ferrell to a life sentence under this Court's decision in Bouie v. State, 559 So.2d 1113 (Fla. 1990).[3] We find this case distinguishable from Bouie since the trial court in this instance made written findings, albeit inadequate findings under this Court's opinion in Campbell v. State, 571 So.2d 415, 419 (Fla. 1990).
The sentencing order reads as follows:
FINDINGS AND HOLDINGS OF THIS COURT
The jury in this case has recommended to the Court a sentence of death by a vote of ten (10) to two (2). In all capital cases, the responsibility for sentencing lies with the trial court, guided by the recommendation of the jury. This Court has reviewed all of the evidence presented in this case. The Court has considered the advisory recommendation by this jury and did give great weight and serious consideration to that advisory verdict. This Court has *371 found the existence of one (1) aggravating circumstance proved beyond a reasonable doubt by the State of Florida. That factor being the Defendant, JACK DEMPSEY FERRELL, has previously been convicted of another felony involving the use or threat of violence to some person. This Court has further considered all statutory and non-statutory mitigating factors presented by the Defendant, JACK DEMPSEY FERRELL. The Court has carefully weighed the aggravating circumstance as well as the circumstances presented in mitigation and the Court does find that the aggravating circumstances outweighs [sic] the mitigating circumstances in this case.
Therefore, it is the judgment of this Court and the sentence of law that you JACK DEMPSEY FERRELL for the crime of which you have been and stand convicted, to-wit: Murder in the First Degree of Mary Esther Williams be delivered by the Sheriff of Orange County, Florida to the proper office of the State Penitentiary of Florida and by him safely kept until such day and time as the Governor, by his warrant, may appoint, at which time by said warrant directed and within the walls of the permanent death chambers provided by law, you JACK DEMPSEY FERRELL be by the proper officer of said penitentiary electrocuted until you are dead; and may God have mercy upon your soul.
DONE AND ORDERED in Chambers at Orlando, Orange County, Florida this 21 day of April, 1993.
In Campbell v. State, 571 So.2d 415, 419 (Fla. 1990), we specifically addressed the difficulty our State courts have in applying the directive of section 921.141(3). To ease this difficulty, we set out requirements which we hoped would result in a uniform application of the section. We now find it necessary to further emphasize the requirements established in Campbell. The sentencing judge must expressly evaluate in his or her written sentencing order each statutory and non-statutory mitigating circumstance proposed by the defendant. This evaluation must determine if the statutory mitigating circumstance is supported by the evidence and if the non-statutory mitigating circumstance is truly of a mitigating nature. A mitigator is supported by evidence if it is mitigating in nature and reasonably established by the greater weight of the evidence. Once established, the mitigator is weighed against any aggravating circumstances. It is within the sentencing judge's discretion to determine the relative weight given to each established mitigator; however, some weight must be given to all established mitigators. The result of this weighing process must be detailed in the written sentencing order and supported by sufficient competent evidence in the record. The absence of any of the enumerated requirements deprives this Court of the opportunity for meaningful review.
We find that the instant sentencing order fails to meet the requisite requirements; therefore, we remand for a new sentencing order. We decline to address issue five pending our receipt of a new sentencing order.
Ferrell's conviction for first-degree murder is affirmed, and a new sentencing order will be submitted to this Court within thirty days of the date of this opinion.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] Section 90.404(2)(a), Florida Statutes (1991), reads:

(a) Similar fact evidence of other crimes, wrongs, or acts is admissible when relevant to prove a material fact in issue, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, but it is inadmissible when the evidence is relevant solely to prove bad character or propensity.
[2] In fact, counsel made the following remark during the motion hearing:

No, this isn't a motion for incompetency or finding of incompetency by the court, judge. I don't consider this case to be complicated at all. I don't feel incapable in handling it by myself, but in looking through the best interest of my client, I feel I should make the motion.
[3] Section 921.141(3) provides, in part, that:

In each case in which the court imposes the death sentence, the determination of the court shall be supported by specific written findings of fact based upon the circumstances in subsections (5) and (6) and upon the records of the trial and the sentencing proceedings. If the court does not make the findings requiring the death sentence, the court shall impose sentence of life imprisonment in accordance with s. 775.082.