654 So.2d 545 (1995)
Michael Tyrone CRUMP, Appellant,
v.
STATE of Florida, Appellee.
No. 82943.
Supreme Court of Florida.
April 27, 1995.
*546 James Marion Moorman, Public Defender and A. Anne Ownes, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen. and Candance M. Sabella, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Michael Tyrone Crump appeals the imposition of the death penalty on resentencing. We have jurisdiction based on article V, section 3(b)(1) of the Florida Constitution.
We vacate Crump's death sentence because the trial court's sentencing order does not satisfy Campbell v. State, 571 So.2d 415, 419 (Fla. 1990) (requiring trial judge to expressly evaluate in its written order each mitigating circumstance proposed by the defendant). We remand to the trial judge to reweigh the circumstances and to resentence Crump.
Crump was found guilty in 1989 of first-degree murder and sentenced to death for strangling a prostitute, Lavinia Clark.[1] On appeal, this Court upheld Crump's conviction but remanded for reweighing after striking the aggravating factor that the murder was committed in a cold, calculated, and premeditated manner without any moral or legal justification. Crump v. State, 622 So.2d 963 (Fla. 1993).
On remand, the trial court again sentenced Crump to death. In imposing the death penalty, the trial court found in aggravation that Crump had previously been convicted of first-degree murder, aggravated assault, and three counts of aggravated battery. § 921.141(5)(b), Fla. Stat. (1989). In mitigation, the trial court found that Crump had a few positive character traits and suffered from mental impairment that did not rise to the level of statutory mental mitigation. The trial court determined that the mitigation did not outweigh the aggravation.
Crump raises six issues on this direct appeal.[2]
Crump's second issue  whether the trial court erred by failing to find and give significant weight to the unrebutted mitigating evidence  requires us to vacate his death sentence and remand the case. We held in Campbell that:
When addressing mitigating circumstances, the sentencing court must expressly evaluate in its written order each mitigating circumstance proposed by the defendant to determine whether it is supported by the evidence and whether, in the *547 case of nonstatutory factors, it is truly of a mitigating nature.
571 So.2d at 419 (footnote omitted) (emphasis added). We decided that proposed nonstatutory mitigating circumstances should be dealt with as categories of related conduct, such as abused or deprived childhood, contribution to community, etc. Id. at 419 nn. 3-4.
The sentencing order in Crump's case does not satisfy Campbell. The trial court found:
The only reasonably convincing Mitigating Circumstances established by the evidence are that the Defendant possessed a few positive character traits and suffered from mental impairment not reaching the statutory standards of mental mitigation.
This is not the express evaluation of proposed mitigation that Campbell requires.[3]
The record from Crump's 1989 trial reflects testimony that Crump was a slow learner; was kind, considerate, thoughtful, and playful; and was a good father and son. Crump's mental health expert, Dr. Maria Elena Isaza, testified that Crump has poor planning ability; is sensitive to criticism and rejection, especially from women; has some feeling of sexual inadequacy; may act impulsively without reflection; has psychological and emotional problems; and could have been under extreme mental disturbance when Lavinia Clark was killed. By characterizing this evidence in broad generalizations  "a few positive character traits" and "mental impairment"  the trial judge violated Campbell.
While all judicial proceedings require fair and deliberate consideration by a trial judge, this is particularly important in a capital case because, as we have said, death is different. State v. Dixon, 283 So.2d 1, 17 (Fla. 1973) ("Death is a unique punishment in its finality and in its total rejection of the possibility of rehabilitation."), cert. denied, 416 U.S. 943, 94 S.Ct. 1950, 40 L.Ed.2d 295 (1974). Because it is not clear from the face of the sentencing order in Crump's case precisely what mitigating evidence the trial judge evaluated, we cannot be sure that the trial judge gave proper consideration to the mitigating evidence Crump presented. See Mann v. State, 420 So.2d 578, 581 (Fla. 1982) ("The trial judge's findings in regard to the death penalty should be of unmistakable clarity so that we can properly review them and not speculate as to what he found[.]").
The sentencing order in this case is particularly troublesome because we stated in our opinion remanding the case to the trial court that:
The sentencing order in the instant case is sparse because it fails to specify what statutory and nonstatutory mitigating circumstances the trial judge found and what weight he gave these circumstances in determining whether to impose a death sentence.
Crump, 622 So.2d at 973. While we did not cite to Campbell, we clearly expressed our concern with the original sentencing order.[4] On remand the trial judge found only one aggravating circumstance. Without a clear understanding of what mitigation the trial judge considered, weighed, and found, we cannot conduct an appropriate proportionality review.
Thus, we remand this case and direct the trial judge to reweigh the circumstances and resentence Crump. Should the trial judge impose the death penalty, he must prepare a sentencing order that complies with Campbell's direction to expressly evaluate in the written order each mitigating circumstance that a defendant proposes.
While the issue involving the sentencing order is dispositive, we briefly discuss three issues  1, 3, and 5  that concern what type of proceeding the trial court should have conducted on remand.
*548 First, the trial judge did not err in refusing to consider new evidence on remand because we directed the trial court "to reweigh the circumstances and resentence Crump." Crump, 622 So.2d at 973 (emphasis added). As we explained in Davis v. State, 648 So.2d 107, 109 (Fla. 1994), a reweighing does not entitle a defendant to present new evidence. Thus, our cases holding that a defendant must be allowed to present new evidence when the case is remanded for a new sentencing proceeding do not apply to Crump. See Scull v. State, 569 So.2d 1251 (Fla. 1990); Lucas v. State, 490 So.2d 943 (Fla. 1986).
We likewise reject Crump's third issue  that the trial court erred in failing to hold an allocution hearing before sentencing Crump  because this Court ordered a reweighing of the aggravating and mitigating factors and not a new sentencing proceeding. See Lucas v. State, 613 So.2d 408 (Fla. 1992) (no error to refuse to conduct a new sentencing proceeding or receive further evidence when this Court's remand was to reconsider and rewrite unclear findings), cert. denied, ___ U.S. ___, 114 S.Ct. 136, 126 L.Ed.2d 99 (1993).
We also find no merit to Crump's fifth issue that the trial court should have conducted a new penalty proceeding because the original jury was instructed to consider the cold, calculated, and premeditated aggravating factor, which this Court determined on direct appeal was not established. See Crump, 622 So.2d at 972. This Court ordered a reweighing in Crump, and the trial court followed that mandate.
We also address Crump's fourth issue regarding whether he is entitled to a new penalty proceeding, including a new jury, because the original jury was instructed to consider the cold, calculated, and premeditated aggravating factor without being given a limiting definition. Crump maintains that because this Court found on direct appeal that CCP was not established beyond a reasonable doubt, see id., the trial court's failure to inform the jury of what it must find to apply CCP undermined the reliability of the jury's sentencing recommendation.
Although the trial court gave the jury in 1989 the CCP instruction that has since been found unconstitutionally vague, see Jackson v. State, 648 So.2d 85 (Fla. 1994), this claim is procedurally barred. Claims that the CCP instruction is unconstitutionally vague are procedurally barred unless a specific objection is made at trial and pursued on appeal. The objection at trial must attack the instruction itself, either by submitting a limiting instruction or by making an objection to the instruction as worded. See Walls v. State, 641 So.2d 381, 387 (Fla. 1994), cert. denied, ___ U.S. ___, 115 S.Ct. 943, 130 L.Ed.2d 887 (1995).
Crump's objection at his 1989 trial to the CCP issue concerned the constitutionality of this aggravating factor and whether CCP applied to Crump's case. Although Crump argued on direct appeal that the instruction was unconstitutionally vague, the issue is procedurally barred because Crump did not submit a limiting instruction or object to the instruction as worded at trial.[5]
Accordingly, we vacate Crump's death sentence[6] and remand for the trial judge to reweigh the circumstances and resentence Crump. Should the trial judge impose a death sentence on remand, his sentencing order must comply with Campbell and expressly evaluate the mitigation that Crump proposes.
It is so ordered.
OVERTON, SHAW, KOGAN, HARDING and ANSTEAD, JJ., concur.
GRIMES, C.J., dissents with an opinion, in which WELLS, J., concurs.
WELLS, J., dissents with an opinion, in which GRIMES, C.J., concurs.
*549 GRIMES, Chief Justice, dissenting.
The requirements of Campbell v. State, 571 So.2d 415 (Fla. 1990), were designed to ensure that the sentencing judge in a capital case carefully weighed the aggravating and mitigating circumstances. They were not intended to provide judges with an exercise in composition or creative writing.
This was not a model sentencing order. However, in this case there can be no doubt the trial judge did carefully consider the aggravating and mitigating circumstances. This was the purpose for which the case was remanded after this Court had stricken the finding that the murder was committed in a cold, calculated, and premeditated manner without any pretense of moral or legal justification. The trial judge held a hearing in which the lawyers argued the aggravating and mitigating circumstances, and he entered a new sentencing order in which he concluded that the mitigating circumstances did not outweigh the aggravating circumstance of having committed a prior murder.
In Campbell we pointed out that the sentencing judge need only address in the written order those mitigating circumstances proposed by the defendant. At the hearing below, defense counsel argued only for the two statutory mental mitigating circumstances and observed that "we have the family coming in saying, at least, what a nice family member Michael Crump was." While not elaborating on his conclusions, the sentencing judge clearly found that mental impairment existed but that it did not reach the level of statutory mental mitigation. With respect to other mitigation, the majority concludes that the record showed that Crump was "kind, considerate, thoughtful and playful; and was a good father and son." I cannot see how the trial judge's reference to this evidence as "a few good character traits" was so deficient as to require this case to be remanded once again for a new hearing and another sentencing order.
I submit that the majority opinion places form over substance and that any shortcomings in the sentencing order were, at most, harmless error.
WELLS, J., concurs.
WELLS, Justice, dissenting.
I dissent. I believe the death sentence should be affirmed. The majority remands to the trial court because the trial judge failed to write a sentencing order meeting the standards which the majority believes are proper. I view the majority's remand as just one more procedural impediment to finality and I do not believe such an impediment is appropriate in a case where there is no disagreement as to the justice of the result. This case should be substantively finalized, and judicial education undertaken in a different forum.
GRIMES, C.J., concurs.
NOTES
[1] For a more complete recitation of the facts, see Crump v. State, 622 So.2d 963 (Fla. 1993).
[2] Whether (1) the trial court erroneously denied Crump's motion to consider new evidence; (2) the trial court erred by failing to find and give significant weight to the unrebutted mitigating evidence as required by this Court, thus invalidating the weighing process; (3) the trial court erred by failing to hold an allocution hearing and by sentencing Crump to death without considering his argument; (4) the trial court should have empaneled a new jury and held a new penalty proceeding because the original jury was instructed to consider the cold, calculated, and premeditated aggravating factor (CCP) without being given a limiting definition; (5) the trial court should have empaneled a new jury and held a new penalty proceeding because the original jury was instructed to consider CCP, which this Court determined on direct appeal was not established; and (6) the death sentence is disproportionate.
[3] We recently reiterated the importance of complying with Campbell in Ferrell v. State, 653 So.2d 367 (Fla. 1995). After reviewing the requirements of Campbell, we noted that the trial court's failure to comply with Campbell "deprives this court of the opportunity for meaningful review." Id. at 371.
[4] Although we had not decided Campbell when Crump was originally sentenced in 1989, Campbell was decided in 1990 and applied to Crump's case on remand.
[5] On direct appeal, this Court declined to address this issue because it found that the State failed to prove CCP beyond a reasonable doubt. Crump, 622 So.2d at 972.
[6] Because we vacate Crump's death sentence, we need not address the final issue Crump raises of whether his death sentence is proportionate.