661 So.2d 303 (1995)
George SINKS, Petitioner,
v.
STATE of Florida, Respondent.
No. 84832.
Supreme Court of Florida.
October 12, 1995.
Richard L. Jorandby, Public Defender and Margaret Good-Earnest, Assistant Public Defender, Chief, Appellate Division, Fifteenth Judicial Circuit, West Palm Beach, for Petitioner.
Robert A. Butterworth, Attorney General; Joan Fowler, Senior Assistant Attorney General; and Melynda L. Melear and Sara B. Mayer, Assistant Attorneys General, West Palm Beach, for Respondent.
PER CURIAM.
We have for review Sinks v. State, 646 So.2d 229 (Fla. 4th DCA 1994), in which the district court addressed the same question we recently answered in Gilyard v. State, 653 So.2d 1024 (Fla. 1995). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
In accordance with our decision in Gilyard, we approve Sinks' sentence to the extent that it combines incarceration and community control because neither the recommended range nor the permitted range was phrased in the disjunctive. However, this sentence *304 impermissibly exceeds a one-cell increase from the original guideline range cell. See Fla.R.Crim.P. 3.701(d)(14); Lambert v. State, 545 So.2d 838 (Fla. 1989). We therefore remand to the trial court to reduce the sentence by the amount it exceeds the next higher cell. Id. Sinks does not have to be present for resentencing.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.