697 So.2d 1211 (1997)
Michael Tyrone CRUMP, Appellant,
v.
STATE of Florida, Appellee.
No. 86733.
Supreme Court of Florida.
July 17, 1997.
James Marion Moorman, Public Defender and A. Anne Owens, Assistant Public Defender, Tenth Judicial Circuit, Bartow, for Appellant.
Robert A. Butterworth, Attorney General and Robert J. Landry, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
We have on appeal the judgment and sentence of the trial court imposing the death penalty upon Michael Tyrone Crump. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const.
In Crump v. State, 654 So.2d 545 (Fla. 1995), this Court vacated Crump's death sentence because the trial court's sentencing order did not satisfy Campbell v. State, 571 So.2d 415, 419 (Fla.1990); we remanded for reweighing and resentencing.
Crump was found guilty in 1989 of first-degree murder and sentenced to death for strangling a prostitute. On appeal, this Court upheld Crump's conviction but remanded for reweighing after striking the cold, calculated, and premeditated aggravator. Crump v. State, 622 So.2d 963 (Fla. 1993).
On remand, the trial court again sentenced Crump to death, finding in aggravation that Crump had previously been convicted of first-degree murder, aggravated assault, and three counts of aggravated battery. In mitigation, the trial court found that Crump had a few positive character traits and suffered from mental impairment that did not rise to the level of statutory mental mitigation. The trial court determined that the mitigation did not outweigh the aggravation.
This Court held that the trial court failed to find and assign significant weight to the unrebutted mitigating evidence. The Court cited testimony that Crump was a slow learner; was kind, considerate, thoughtful, and playful; and was a good father and son. Crump's mental health expert, Dr. Maria Elena Isaza, testified that Crump has poor planning ability; is sensitive to criticism and rejection, especially from women; has some feeling of sexual inadequacy; may act impulsively without reflection; has psychological and emotional problems; and could have been under extreme mental disturbance when Lavinia Clark was killed. By characterizing this evidence in broad generalizations"a *1212 few positive character traits" and "mental impairment"the trial judge violated Campbell.
The Court held that the judge did not err in refusing to consider new evidence on remand because the court was only directed to reweigh the circumstances and resentence Crump. Also, the Court held that the trial court did not err in failing to hold an allocution hearing before sentencing Crump. The Court held that there was no need for the trial court to have conducted a new penalty proceeding because the original jury was instructed to consider the cold, calculated, and premeditated aggravator, which this Court determined on direct appeal was not established. Finally, the Court held that the fact that the original jury was instructed to consider the cold, calculated, and premeditated aggravator without being given a limiting definition did not entitle Crump to a new penalty proceeding with a new jury: Crump did not preserve the issue as required by our opinion in Jackson v. State, 648 So.2d 85 (Fla.1994). The Court vacated the death sentence and remanded for a second reweighing and resentencing.
Crump does not challenge the guilt phase portion of his trial but he raises six penalty phase arguments as to his second resentencing in this appeal: 1) the court committed error in failing to reweigh aggravators and mitigators and file a sentencing order meeting Campbell requirements; 2) the court committed error in failing to find and weigh unrebutted statutory mental mitigation and failing to sufficiently weigh nonstatutory mitigation; 3) the court committed error in failing to allow sentencing arguments or at least allow Crump's statement at the sentencing hearing; 4) the court committed error in failing to consider either evidence that could be a basis for a sentence other than death or the character of the defendant at the time sentence was imposed; 5) the court committed error in failing to permit the defense to interview jurors, and in failing to empanel a new jury and hold new penalty proceeding after the court invalidated the cold, calculated, and premeditated aggravator; and 6) the death penalty is disproportionate.
We find Crump's first and second issues dispositive. Regretfully, we find that the trial judge has not complied with our last order and has again failed to prepare a sentencing order meeting the requirements of Campbell v. State and its progeny. We mustfor the third timeremand to the trial court for a new sentencing order. In our last review of this case we stated:
The sentencing order in this case is particularly troublesome because we stated in our opinion remanding the case to the trial court that:
The sentencing order in the instant case is sparse because it fails to specify what statutory and nonstatutory mitigating circumstances the trial judge found and what weight he gave these circumstances in determining whether to impose a death sentence.
While we did not cite to Campbell, we clearly expressed our concern with the original sentencing order.
Crump v. State, 654 So.2d at 547 (citation omitted). We continued:
Thus, we remand this case and direct the trial judge to reweigh the circumstances and resentence Crump. Should the trial judge impose the death penalty, he must prepare a sentencing order that complies with Campbell`s direction to expressly evaluate in the written order each mitigating circumstance that a defendant proposes.
Crump v. State, 654 So.2d at 547.
The sentencing order we are now presented with is three pages in length, and the only mention of the specific non-statutory mitigation proposed by Crump is the attached list of suggested mitigation filed by Crump himself. The sentencing order contains only the following language concerning the evaluation and weighing of the non-statutory mitigation:
6. Each non-statutory mitigating circumstance proposed by the Defendant was reasonably established by a greater weight of the evidence; considered to be mitigating in nature; and given some, but very little, weight.

*1213 7. The non-statutory mitigating circumstances, when considered collectively, should be and are given slight weight.
8. The statutory aggravating circumstance clearly outweighs the non-statutory mitigating circumstances and justice demands that the Defendant be sentenced to death.
This is insufficient under Campbell, where we wrote that if a death sentence is imposed, the court must not only consider any and all mitigating evidence, but must "expressly evaluate in its written order each mitigating circumstance proposed by the defendant to determine whether it is supported by the evidence." Campbell, 571 So.2d at 419 (footnote omitted).
We further explained the nature of the weighing process in Ferrell v. State, 653 So.2d 367 (Fla.1995):
This evaluation must determine if the statutory mitigating circumstance is supported by the evidence and if the non-statutory mitigating circumstance is truly of a mitigating nature. A mitigator is supported by the evidence if it is mitigating in nature and reasonably established by the greater weight of the evidence. Once established, the mitigator is weighed against any aggravating circumstances. It is within the sentencing judge's discretion to determine the relative weight given to each established mitigator; however, some weight must be given to all established mitigators. The result of this weighing process must be detailed in the written sentencing order and supported by sufficient competent evidence in the record. The absence of any of the enumerated requirements deprives this Court of the opportunity for meaningful review.
Ferrell, 653 So.2d at 371. On remand, we direct the trial judge to follow these requirements in framing his sentencing order.
Although we find Crump's first two issues dispositive, we briefly address his remaining claims. We find no merit to issues three, four, and five. We remanded only for a reweighing and resentencing; therefore it was not error for the judge to refuse to hear arguments from Crump, to refuse to consider Crump's character at the time of sentencing, or to refuse to empanel a new jury or interview jurors. Because we remand for a new sentencing order, we do not address Crump's sixth issue, disproportionality.
We remand to the trial court for a reweighing and resentencing to be conducted within 120 days. If the trial court should once again find that the death penalty is warranted, it is directed to prepare a sentencing order which complies with the requirements set forth by this Court in Campbell, Ferrell, and their progeny.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, HARDING and ANSTEAD, JJ., concur.
GRIMES, J., dissents with an opinion, in which WELLS, J., concurs.
GRIMES, Judge, dissenting.
I am not at all certain that the sentencing order fails to comply with the requirements of Campbell v. State, 571 So.2d 415 (Fla. 1990). However, I am certain that when considered as a whole the sentencing order is in substantial compliance with the spirit of Campbell and that the justice of this cause dictates that this matter be set at rest. The majority says that the judge failed to "expressly evaluate in his written order each mitigating circumstance proposed by the defendant to determine whether it is supported by the evidence." Yet, the sentencing order says that "each nonstatutory mitigating circumstance proposed by the defendant was reasonably established by the greater weight of the evidence; considered to be mitigating in nature; and given some, but very little, weight." The majority would have to concede that if the judge had separately stated each proffered mitigating circumstance and found each to be proven but entitled to very little weight, the order would be in full compliance with Campbell. Therefore, the judge's error must be in referring to the attached list of nonstatutory mitigators proposed by the defense rather than separately reciting each of them in the sentencing order. This is a distinction without a difference.
*1214 I see no purpose in remanding the case once again for a separately stated evaluation of these mitigators, particularly since the judge also stated that even if the nonstatutory mitigating circumstances were given substantial weight, justice would still demand that the death penalty be imposed because they would be clearly outweighed by the statutory aggravating circumstance[1] of a prior murder, three counts of aggravated battery, and aggravated assault.
I respectfully dissent.
WELLS, J., concurs.
NOTES
[1] As stated in the sentencing order "the statutory aggravating circumstance should be and is given the greatest weight possible since the defendant is without a doubt a twice convicted vicious killer who, on two separate occasions, picked the victim up; drove to a secluded area; bound her wrists; manually strangled her to death; and discarded her nude body near a cemetery."