728 So.2d 727 (1999)
John Loveman REESE, Appellant,
v.
STATE of Florida, Appellee.
No. 91,411.
Supreme Court of Florida.
February 18, 1999.
Nancy A. Daniels, Public Defender, and Nada M. Carey, Assistant Public Defender, *728 Second Judicial Circuit, Tallahassee, Florida, for Appellant.
Robert A. Butterworth, Attorney General, and Barbara J. Yates, Assistant Attorney General, Tallahassee, Florida, for Appellee.
PER CURIAM.
We have on appeal a circuit court order imposing the death penalty upon John Loveman Reese. We have jurisdiction pursuant to article V, section 3(b)(1) of the Florida Constitution. For the reasons expressed below, we reverse.
Reese was convicted of first-degree murder and sentenced to death. The facts are set out fully in Reese v. State, 694 So.2d 678 (Fla. 1997). The trial court followed the jury's eight-to-four vote and imposed the death penalty. This Court affirmed the conviction but found the sentencing order deficient for failing to expressly discuss and weigh the evidence offered in mitigation, based on Campbell v. State, 571 So.2d 415 (Fla. 1990). We remanded to the trial court for the entry of a new sentencing order within thirty days of our opinion. The opinion was released March 20, 1997. Rehearing was denied on May 27, 1997.
Apparently, some confusion arose regarding the procedure to be followed after remand. It appears that the trial court treated the remand as a relinquishment of jurisdiction, for the trial court entered the revised sentencing order on April 17, 1997prior to this Court's denial of rehearing, and thus before the trial court regained jurisdiction. Pursuant to the mandate of this Court, dated June 26, 1997, the trial court adopted and reentered the revised sentencing order on July 16, 1997.
Further confusion has also arisen as to whether or not new hearings are required in cases involving Campbell errors. In the present case, no hearing was held; the trial court simply entered the revised sentencing order. Prior to the revised sentencing order being entered on April 17, 1997, the State filed a sentencing memorandum without request of the trial court. It is disputed whether counsel for Reese received this memorandum. Regardless, Reese did not submit his own sentencing memorandum. Fairness dictates that both parties be given an opportunity to be heard on this very important issue.
This Court accepts responsibility for any confusion in these types of cases. We have been less than specific in outlining the exact procedure to be followed in a Campbell error case like this.
Because we are unable to conduct an appropriate review of the death sentence, we remand this cause to the trial court. On remand, the court is to conduct a new hearing, giving both parties an opportunity to present argument and submit sentencing memoranda before determining an appropriate sentence. No new evidence shall be introduced at the hearing. See Crump v. State, 654 So.2d 545, 548 (Fla. 1995) ("[A] reweighing does not entitle the defendant to present new evidence."). After the hearing is concluded, the trial judge is instructed to submit a revised sentencing order explicitly weighing the mitigating circumstances consistent with Campbell. The order shall be submitted within 120 days of the issuance of this opinion. There will be no rehearing on this matter until this Court has reviewed the revised sentencing order from the trial judge.
It is so ordered.
SHAW, J., and OVERTON and KOGAN, Senior Justices, concur.
PARIENTE, J., concurs specially with an opinion, in which ANSTEAD, J., concurs.
HARDING, C.J., concurs in part and dissents in part with an opinion, in which WELLS, J., concurs.
PARIENTE, J., specially concurring.
I concur in the majority and write to explain why providing for a hearing where both parties are given an opportunity to reargue the evidence and present sentencing memoranda to the trial court is a reasonable requirement that is consistent with the goals of Campbell v. State, 571 So.2d 415 (Fla. 1990), and the requirements of due process. In Campbell, we held that the trial court, in its sentencing order, must "expressly evaluate" *729 and "expressly consider" each mitigating circumstance, and weigh the established mitigators against the aggravators to determine whether death is the appropriate punishment. Id. at 419-20. This express evaluation and weighing, as evidenced in the sentencing order, is necessary to ensure that the trial court has performed its "undelegable duty and solemn obligation" to consider all mitigating circumstances proposed. Walker v. State, 707 So.2d 300, 319 (Fla. 1997); see Hudson v. State, 708 So.2d 256, 259-60 (Fla. 1998).
We have recently reiterated that Campbell and its progeny can only be satisfied if the trial court's sentencing order
truly comprises a thoughtful and comprehensive analysis of any evidence that mitigates against the imposition of the death penalty. We do not use the word "process" lightly. If the trial court does not conduct such a deliberate inquiry and then document its findings and conclusions, this Court cannot be assured that it properly considered all mitigating evidence.
Hudson, 708 So.2d at 259 (emphasis supplied) (quoting Walker, 707 So.2d at 319). We have characterized the process as one that requires the trial court to "reweigh the circumstances" and then prepare a new sentencing order. Crump v. State, 622 So.2d 963, 973 (Fla. 1993). Therefore, a remand based on a Campbell error is not for the trial court to correct a mere technical deficiency. We have referred to it as a "bedrock requirement [that] cannot be met by treating mitigating evidence as an academic exercise." Hudson, 708 So.2d at 259 (quoting Walker, 707 So.2d at 319).
While we have held that a reweighing under Campbell is not the same as a resentencing where new evidence can be presented, see Crump v. State, 654 So.2d 545, 548 (Fla. 1995), it is nonetheless an important phase of the sentencing process "affecting life." Scull v. State, 569 So.2d 1251, 1252 (Fla. 1990). "One of the most basic tenets of Florida law is the requirement that all proceedings affecting life, liberty, or property must be conducted according to due process," which includes a "reasonable opportunity to be heard." Id.
In my opinion, a defendant is afforded a reasonable opportunity to be heard under these circumstances if both sides are provided with an opportunity to present sentencing memoranda, the trial court holds a hearing where the defendant is present, and both sides are permitted to argue their interpretation of the evidence previously presented as to the aggravating and mitigating factors. This is essentially the procedure that we followed when we remanded in Hudson. 708 So.2d at 263 (allocution hearing ordered on remand, during which counsel would be "permitted to argue, orally and by written submission, the consideration and assignment of weight of mitigating evidence").
The modified Spencer[1] hearing suggested by the majority also comports with the Florida Rules of Criminal Procedure. Rule 3.180(a)(9) provides that every defendant must be present "at the pronouncement of judgment and imposition of sentence."[2] Fla. R.Crim. P. 3.180(a)(9). The rule further defines "presence" as "being physically in attendance for the courtroom proceeding, and [having] a meaningful opportunity to be heard through counsel on the issues being discussed." Fla. R.Crim. P. 3.180(b).
Importantly, there is also a practical reason for requiring this modified Spencer proceeding on remand. Giving the parties an opportunity to present sentencing memoranda and reargue the evidence and the issues is a reliable way to ensure that the trial court truly does consider all of the mitigating factors.
What happened in this case highlights the necessity for a uniform procedure to be followed after remand to ensure the trial court properly reconsiders its decision. Here, *730 there was no hearing of any kind after remand. The State submitted a sentencing memorandum, which was not served on defendant's appellate counsel, and to which defendant did not have an opportunity to respond. Shortly thereafter, the trial court issued an order which contained many provisions that were similar to the State's memorandum. Due to the similarity between the order and the State's memorandum, there is a question of whether the trial court may have simply "rubber stamped" the State's position in its memorandum. See Robinson v. State, 684 So.2d 175, 177 (Fla. 1996) (trial court must carefully analyze all the possible statutory and nonstatutory mitigating factors against the established aggravators to ensure that death is appropriate, and not "merely rubber-stamp" the State's position.)
The dissent suggests that an opportunity to reargue the evidence will only delay this matter further. However, a concern for delay is not a sufficient reason for instituting short-cuts that may result in a compromise of a defendant's rights or the reliability of the process that results in a death sentence being imposed.
A requirement of a modified Spencer hearing on remand should not unduly slow the process, but it will help to ensure its reliability. Moreover, as trial courts that try death cases receive the benefit of the now-mandatory instruction in handling capital cases, Campbell errors should be infrequent. See Fla. R. Jud. Admin. 2.050(b)(10). Since I have been with the Court, the majority of the orders that this Court has reviewed comply with the dictates of Campbell, and few cases have required remand for entry of a new sentencing order based on Campbell. I am acutely aware of problems with delay in death cases; however, "doing it right" the first time is ultimately the best assurance against inordinate delays in death cases.
ANSTEAD, J., concurs.
HARDING, C.J., concurring in part and dissenting in part.
I agree with the majority that this case should be remanded to the trial court. However, I do not believe that the defendant should be afforded a new hearing. This remand is solely to allow the trial judge to express his evaluation and weighing of the mitigating circumstances consistent with Campbell v. State, 571 So.2d 415 (Fla. 1990), in order that we may conduct a proper review. Due to the confusion that occurred in this particular case, I would permit both parties the opportunity to submit sentencing memoranda, provided that the sentencing memoranda not contain any new evidence. See Crump v. State, 654 So.2d 545, 548 (Fla. 1995). But a new hearing is neither required nor helpful, and will only result in further delay. This Court needs to be able to review these matters in a more efficient manner.
WELLS, J., concurs.
NOTES
[1] Spencer v. State, 615 So.2d 688 (Fla. 1993).
[2] We have often explicitly vacated the death sentence when we have remanded based on a Campbell error. See, e.g., Hudson v. State, 708 So.2d 256, 263 (Fla. 1998); Walker v. State, 707 So.2d 300, 319 (Fla. 1997); Jackson v. State, 704 So.2d 500, 508 (Fla. 1997); Bryant v. State, 656 So.2d 426, 429 (Fla. 1995); Crump v. State, 622 So.2d 963, 973 (Fla. 1993); Campbell v. State, 571 So.2d 415, 420 (Fla. 1990).