767 So.2d 1156 (2000)
Andrea Hicks JACKSON, Appellant,
v.
STATE of Florida, Appellee.
No. SC93925.
Supreme Court of Florida.
January 27, 2000.
Rehearing Denied March 20, 2000.
*1157 Nancy A. Daniels, Public Defender, and W.C. McLain, Assistant Public Defender, Second Judicial Circuit, Tallahassee, Florida, for Appellant
Robert A. Butterworth, Attorney General, and Carolyn M. Snurkowski, Assistant Attorney General, Tallahassee, Florida, for Appellee.
PER CURIAM.
We have on appeal the judgment and sentence of the trial court imposing a sentence of death upon Andrea Hicks Jackson. We have jurisdiction. See art. V, § 3(b)(1), Fla. Const. For the reasons expressed below, we reverse.
Jackson was convicted and sentenced to death for the 1983 first-degree murder of *1158 Jacksonville police officer Gary Bevell. The facts of this case are set forth in detail in Jackson v. State, 498 So.2d 406 (Fla. 1986). The procedural history as set forth in Jackson v. State, 704 So.2d 500 (Fla. 1997) (Jackson IV), is as follows:
On direct appeal, this Court affirmed [Jackson's] conviction and sentence. Jackson v. State, 498 So.2d 406 (Fla. 1986) (Jackson I). In 1989, the Governor signed a death warrant, and Jackson filed a 3.850 motion for postconviction relief. The trial court denied the motion. Jackson appealed the denial and petitioned this Court for a writ of habeas corpus. We affirmed the trial court's denial of Jackson's 3.850 motion, but granted her petition for habeas corpus because we concluded that the trial court had erroneously admitted victim impact evidence in violation of Booth v. Maryland, 482 U.S. 496, 107 S.Ct. 2529, 96 L.Ed.2d 440 (1987). Jackson v. Dugger, 547 So.2d 1197, 1198 (Fla.1989) (Jackson II). We vacated Jackson's death sentence and remanded for a new sentencing hearing before a new jury. Jackson II, 547 So.2d at 1201. The trial court again sentenced Jackson to death, and on appeal, this Court vacated the death sentence and remanded for a new sentencing hearing. Jackson v. State, 648 So.2d 85, 92 (Fla.1994) (Jackson III). The Court vacated the sentence a second time because the standard jury instruction given to the jury on the cold, calculated, and premeditated aggravating factor was unconstitutionally vague, and we could not say beyond a reasonable doubt that the invalid instruction did not affect the jury's recommendation. Jackson III, 648 So.2d at 90. On remand, the trial court again sentenced Jackson to death....
Jackson IV, 704 So.2d at 501-02 (citations and footnotes omitted).
In Jackson IV, this Court again vacated the death sentence after finding that the trial court failed to expressly evaluate each mitigating factor as mandated by Campbell v. State, 571 So.2d 415 (Fla.1990).[1]See Jackson IV, 704 So.2d at 506-507. In remanding to the trial court for a reweighing and resentencing in accord with Campbell, we explained that:
Contrary to the dictates of Campbell, the trial court's order in this case summarily disposes of the statutory and nonstatutory mitigators. With regard to the statutory mitigators, the sentencing order does not even refer to the testimony of the three experts who all opined that these mitigators existed. Nor does it refer to any evidence to the contrary. Instead, the order indicates without explanation that the trial court found all the testimony offered in support of the statutory mitigators noncredible. We have recognized that a trial court may reject expert opinion testimony even if that testimony is unrefuted. However, a more thorough explanation as to why the court rejected the expert testimony is necessary here where three experts, including an expert who often testifies for the State, found these mitigators to exist.
The sentencing order also fails to adequately address the nonstatutory mitigating circumstances. The order merely lists the nonstatutory mitigators before rejecting them. The order should address the relevant testimony and explain why the experts' testimony, in conjunction with the testimony of Jackson's family and friends, does not support the nonstatutory mitigators the court rejects. Additionally, because the court rejects the statutory mental mitigators, the order should explain why the evidence offered by the experts does not amount to nonstatutory mental mitigation.

*1159 To ensure meaningful review in capital cases, trial courts must provide this Court with a thoughtful and comprehensive analysis of the mitigating evidence in the record. Because the instant sentencing order does not meet that requirement, we remand to the trial court for a reweighing and resentencing to be conducted within 120 days. We direct the trial court to reweigh the aggravating and mitigating circumstances, and if the trial court again determines that death is the appropriate penalty, the court must prepare a sentencing order that expressly discusses and weighs the evidence offered in mitigation in accord with Campbell, Ferrell,[[2]] and their progeny. Because we remand for a new sentencing order we do not address proportionality.
Id. (citations and footnotes omitted).
On remand, the trial court accepted sentencing memoranda from both parties but did not otherwise hold a sentencing hearing. Although counsel did not request the opportunity to present argument, Jackson herself filed a pro se motion requesting to be transported to the court for the hearing. The trial court entered an order denying the motion, stating:
The Supreme Court of Florida reversed the defendant's death sentence and remanded the case back to this Court for the sole purpose of entering a new written sentencing order, setting forth this Court's evaluation of each of the sentencing mitigators pursuant to the court's decision in Campbell v. State, 571 So.2d 415 (Fla.1990). No additional hearings will be held and this Court will not be entertaining any new evidence beyond that which is already in evidence. Accordingly, the defendant's presence is neither necessary nor required. Sinks v. State, 661 So.2d 303 (Fla.1995).
The trial court thereafter entered the sentencing order under review in the absence of both Jackson and her counsel.
After the trial court entered the sentencing order, this Court issued its decision in Reese v. State, 728 So.2d 727 (Fla. 1999). In Reese, this Court held that when a trial court receives a case that was remanded based upon a Campbell error "the court is to conduct a new hearing, giving both parties an opportunity to present argument and submit sentencing memoranda before determining an appropriate sentence. No new evidence shall be introduced at the hearing." Id. at 728.
In Reese, "[t]his Court accept[ed] responsibility for any confusion" in cases involving Campbell errors because "[w]e have been less than specific in outlining the exact procedure to be followed in a Campbell error case like this." Id. In the present case, therefore, although we vacate the sentence and remand for a new sentencing procedure, we do not fault the trial judge.
Fundamental fairness, however, requires that at a minimum Jackson have a right to be present at her resentencing. A reweighing under Campbell is an important phase of the sentencing process "affecting life." Scull v. State, 569 So.2d 1251, 1252 (Fla.1990). "One of the most basic tenets of Florida law is the requirement that all proceedings affecting life, liberty, or property must be conducted according to due process," which includes a "reasonable opportunity to be heard." Id. Indeed, one of a criminal defendant's most basic constitutional rights is the right to be present in the courtroom at every critical stage in the proceedings. See Illinois v. Allen, 397 U.S. 337, 338, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970). This right extends to "any stage of the criminal proceeding that is critical to its outcome if [the defendant's] presence would contribute to the fairness of the procedure." Kentucky v. Stincer, 482 U.S. 730, 745, 107 S.Ct. 2658, *1160 96 L.Ed.2d 631 (1987). Because the defendant's presence will "contribute to the fairness of the procedure," the right to be present extends to the hearing where her sentence will be reconsidered. See Proffitt v. Wainwright, 685 F.2d 1227, 1257 (11th Cir.1982) (holding that the right to be present extends to the sentencing as well as the guilt portion of a capital trial); see also Fla. R.Crim. P. 3.180(a)(9) (providing that the defendant must be present "at the pronouncement of judgment and the imposition of sentence"); Fla. R.Crim. P. 3.180(b) (defining "presence" as being "physically in attendance for the courtroom proceeding, and [having] a meaningful opportunity to be heard through counsel on the issues being discussed").
In holding that Jackson had a right to be present at the Campbell resentencing, we emphasize that our determination is not premised upon Jackson's pro se motion advancing this request. Indeed, because Jackson was represented by counsel, the decision as to whether to entertain her motion was within the sound discretion of the trial court. See State v. Tait, 387 So.2d 338, 339-40 (Fla.1980). Instead, Jackson's right to be present is based upon the long-standing principle that a defendant in a criminal case has a fundamental right, guaranteed by the Constitutions of the United States and of Florida, and explicitly provided in the Florida Rules of Criminal Procedure, to be present at sentencing, a critical stage of every criminal proceeding. Obviously, this right extends to defendants in capital cases, whether the sentence is being considered and imposed immediately after the guilt phase proceedings have been completed, or whether the court is conducting a resentencing hearing after the original sentence has been vacated. Accordingly, Jackson had a right to be present at the Campbell resentencing, even if no specific motion advancing this request had been filed.
Thus, the procedures for Campbell error cases that we set forth in Reese should apply to this case. At oral argument the State indicated that it did not interpret Reese to require a new hearing in every case involving a Campbell error. The State misconstrued Reese. Accordingly, to the extent that we have not made clear the procedures to follow upon remand after we have vacated a death sentence because of a Campbell error, we reiterate those procedures here.
First, upon remand, "the court is to conduct a new hearing, giving both parties an opportunity to present argument [regarding the proper sentence] and submit sentencing memoranda before determining an appropriate sentence." Reese, 728 So.2d at 728. Because a reweighing does not entitle a defendant to present new evidence, see Crump v. State, 654 So.2d 545, 548 (Fla.1995), "[n]o new evidence shall be introduced." Reese, 728 So.2d at 728.
Second, as we have explained, the defendant shall be present at this sentencing hearing. In the case cited by the trial court in denying Jackson's motion to be present, Sinks v. State, 661 So.2d 303 (Fla. 1995), this Court expressly specified that the defendant "does not have to be present for resentencing." Id. at 304. Sinks, however, did not involve a death penalty case or a resentencing under Campbell but involved other unique circumstances, and therefore that case is inapplicable here.
Third, we conclude that to be consistent with the requirements for the initial sentencing, there should be two separate hearings in accordance with Spencer v. State, 615 So.2d 688, 691 (Fla.1993). The first hearing described above should be the modified Spencer/allocution hearing at which both parties in the presence of the defendant make their arguments and submit their sentencing memoranda. Then, after considering the sentencing memoranda and hearing oral arguments, the trial court must recess the proceedings to consider the appropriate sentence. See id.
Fourth, after determining the sentence and making any necessary revisions to the *1161 sentencing order, the trial court must prepare a revised sentencing order explicitly weighing the mitigating circumstances, consistent with Campbell. See Reese, 728 So.2d at 728. In addition, in accordance with Spencer, the trial court shall hold a second hearing to orally pronounce the sentence and contemporaneously file the sentencing order. See Spencer, 615 So.2d at 691.
Because the procedure followed by the trial court was inconsistent with the procedures outlined above, we vacate the sentence and remand for further proceedings consistent with this opinion.
All other issues raised by Jackson will not be addressed at this time. We direct that the resentencing be completed and a new order submitted to this Court within 120 days. This Court will thereafter consider the parties' briefs filed in this appeal as to the points raised but not considered in this appeal. The parties may submit supplemental briefs only as to new issues raised as a result of the resentencing.
It is so ordered.
SHAW, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
ANSTEAD, J., specially concurs with an opinion, in which SHAW, PARIENTE, and LEWIS, JJ., concur.
HARDING, C.J., and Wells, J., dissent with opinions.
ANSTEAD, J., specially concurring.
The important, bottom-line holding here is that a defendant in a criminal case has a fundamental right, guaranteed by the Constitutions of the United States and of Florida, and provided for explicitly in the Florida Rules of Criminal Procedure, to be present at sentencing, a critical stage of every criminal proceeding. Obviously, this right extends to defendants in capital cases, whether the sentence is being considered and imposed immediately after the guilt phase proceedings have been completed, or whether a new sentencing is being conducted upon remand by an appellate court.
SHAW, PARIENTE and LEWIS, JJ., concur.
HARDING, C.J., dissenting.
I dissent from the majority's holding that the defendant in this case is entitled to a hearing, wherein she should be afforded the opportunity to be present and offer argument. As I did in Reese v. State, 728 So.2d 727, 730 (Fla.1999) (Harding, C.J., concurring in part and dissenting in part), I express my sympathy for the trial courts of this statewho, unfortunately, are being placed in the awkward position of having to decipher this Court's mixed signals concerning this issue. This Court has not been consistent in its remands to trial courts to correct Campbell errors. See Crump v. State, 654 So.2d 545, 548 (Fla. 1995) ("We likewise reject Crump's third issue-that the trial court erred to in failing hold an allocution hearing before sentencing Crump-because this Court ordered a reweighing of the aggravating and mitigating circumstances and not a new sentencing proceeding."); but see Hudson v. State, 708 So.2d 256, 263 (Fla.1998) ("We direct the trial court, within 120 days of the issuance of this opinion, to hold an allocution hearing in which counsel are permitted to argue, orally and by written submission, the consideration and assignment of weight of mitigating evidence."). Regrettably, I have contributed to this inconsistency. I concurred in the Court's opinion in Hudson, but in a concurring in part and dissenting in part opinion in Reese, 728 So.2d at 730, I stated: "I do not believe that the defendant should be afforded a new hearing." However, I believe that it is reasonable for a trial judge to think that in some cases, depending on the language we use, the procedure followed here is correct, and, in other cases, that a new sentencing hearing is required.
The defendant in the present case was given an opportunity to be heard on the *1162 Campbell issues by furnishing a sentencing memorandum. On the basis of our remand, the judge did what we told him to do; and now, we reverse him.
Finally, although I disagree with the majority opinion, I find solace in the fact that the majority has set forth explicit guidelines to be followed in cases involving Campbell error remands. I am hopeful that this will prevent any future problems concerning this issue.
WELLS, J., dissenting.
I dissent from the majority's decision for many of the reasons stated by Chief Justice Harding. I write separately to point out additional concerns.
The majority seems to again require the submission of written memoranda. I know of no reason for this.
I agree with the trial court's reading of our directions to him. This was to be a straightforward redo of the sentencing order to include a "more thorough explanation as to why the court rejected the expert testimony," and of nonstatutory mitigation, as we expressly stated. Jackson v. State, 704 So.2d 500, 507 (Fla. 1997). The present majority has converted that express direction into a prolix procedure which I certainly never intended or contemplated when I concurred in the prior majority's decision.
NOTES
[1] In Campbell v. State, 571 So.2d 415, 419-20 (Fla.1990), we held that in its sentencing order, the trial court must "expressly evaluate" and "expressly consider" each mitigating circumstance, and weigh the established mitigators against the aggravators to determine whether death is the appropriate punishment.
[2] Ferrell v. State, 653 So.2d 367 (Fla.1995).