QUINCE, J.,
dissenting.
I dissent from the Court’s decision because I conclude that the proper remedy in this case is to remand for resentencing. In prior cases, this Court has stressed the importance of thoroughness in capital sentencing orders. In order for this Court to engage in meaningful appellate review, pursuant to our mandatory jurisdiction under the Florida Constitution, it is necessary that trial courts set out all of the evidence in the record that may support or weigh against the aggravating and mitigating circumstances proposed by the parties in each case. As we explained in Ferrell v. State, 653 So.2d 367 (Fla.1995):
The sentencing judge must expressly evaluate in his or her written sentencing order each statutory and non-statutory mitigating circumstance proposed by the defendant. This evaluation must determine if the statutory mitigating circumstance is supported by the evidence and if the non-statutory mitigating circumstance is truly of a mitigating nature. A mitigator is supported by evidence if it is mitigating in nature and reasonably established by the greater weight of the evidence. Once established, the miti-gator is weighed against any aggravating circumstances.... The result of this weighing process must be detailed in the toritten sentencing order and supported by sufficient competent evidence in the record. The absence of any of the enumerated requirements deprives this Court of the opportunity for meaningful review.
Id. at 371 (emphasis added); see also Jackson v. State, 704 So.2d 500, 507 (Fla.1997) (requiring that trial courts provide a “thoughtful and comprehensive analysis of the mitigating evidence in the record”). I conclude that the trial court failed to meet these requirements in the present case.
Reviewing the trial court’s sentencing order, it is clear that the trial court gave short shrift to many of the defendant’s proposed mitigating circumstances and failed to evaluate or discuss others. Many of these circumstances were rejected without any discussion of the evidence. For example, as to Ault’s argument that he suffers from pedophilia, the trial court stated only that it did not consider pedo *208 philia to be a raitigator for murder. The court did not discuss any of the evidence, well-documented in the record, that Ault suffered from this condition as a mental deficiency, or explain how the condition may have impacted his culpability for the offenses. The trial court gave similar treatment to several of the other proposed mitigating circumstances, including Ault’s arguments that he suffered from a low IQ, that he suffered from brain damage, that he could adjust well to life in prison, that he had accepted responsibility for the murders, and that he felt remorse for his crimes.
That some of these circumstances may not ultimately have been found to be particularly mitigating does not diminish the trial court’s responsibility to set out all of the relevant evidence in reaching its decisions. Although a trial court’s rulings on aggravating and mitigating circumstances are normally reviewed for abuse of discretion, we defer to the trial court’s decisions because we believe that it is generally in a better position to evaluate all of the evidence presented on each proposed miti-gator. See Provenzano v. State, 497 So.2d 1177, 1184 (Fla.1986) (“As long as the court considered all of the evidence, the trial judge’s determination of lack of mitigation will stand absent a palpable abuse of discretion.”) (emphasis added). However, a trial court may not dispose of proposed mitigating circumstances in summary fashion. See Woodel v. State, 804 So.2d 316, 327 (Fla.2001). When a sentencing order leaves it unclear whether the trial court’s decision was in fact based on all of the evidence presented, the proper remedy is to remand for the issuance of a new sentencing order. See, e.g., Ferrell, 653 So.2d at 371.
“A sentencing order that comprehensively addresses all mitigation and which weighs the mitigation against the aggravation is absolutely essential to ensure meaningful appellate review in capital cases.” Woodel, 804 So.2d at 326. In this case, the order does not demonstrate whether the trial court considered all of the evidence presented in support of the rejected mitigating circumstances. Further, due to the number of improperly rejected mitigators, I do not believe we can say that there would have been “no likelihood of a different sentence” if the trial court had conducted the proper analysis. Rogers v. State, 511 So.2d 526, 535 (Fla.1987). For these reasons, I would vacate the sentences of death and remand to the trial court with instructions to issue a new sentencing order.
PARIENTE, J., concurs.