DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**TERYLEISHA WRIGHT,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-642

[January 7, 2015]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Richard Oftedal, Judge; L.T. Case No. 502011CF004520AMB.

Carey Haughwout, Public Defender, and Alan T. Lipson, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.

DAMOORGIAN, C.J.

Teryleisha Wright appeals her judgment and sentence for one count of attempted first degree murder with a firearm raising two issues for our consideration. We affirm appellant's judgment and sentence but write to address appellant's argument that the trial court violated her due process right by sentencing her to a 25–year minimum mandatory on paper without orally pronouncing that it was doing so at her sentencing hearing.[1]

"'One of the most basic tenets of Florida law is the requirement that all proceedings affecting life, liberty, or property must be conducted according to due process,' which includes a 'reasonable opportunity to be heard.'" *Jackson v. State,* 767 So. 2d 1156, 1159 (Fla. 2000) (quoting *Scull v. State,* 569 So. 2d 1251, 1252 (Fla. 1990)). Therefore, "[c]riminal defendants have a due process right to be physically present in all

---

[1] Appellant also argues that the trial court erred in admitting evidence of the gun and ammunition found at her mother's hotel.

critical stages of trial." *Muhammad v. State,* 782 So. 2d 343, 351 (Fla. 2001). This "right to be present extends to the hearing where her sentence will be reconsidered" because sentencing is "a critical stage of every criminal proceeding." *Jackson,* 767 So. 2d at 1160. Accordingly, if a defendant's sentence is subsequently increased due to a court's failure to take into account a minimum mandatory at the original sentencing hearing, the defendant must be present when the sentence is modified. *Dunbar v. State,* 89 So. 3d 901, 907 (Fla. 2012).

Here, the transcript of Appellant's sentencing hearing reflects that the court expressed Appellant was subject to a 25–year mandatory minimum. Accordingly, we hold that the trial court did not violate appellant's due process right and affirm the judgment and sentence in all respects.

*Affirmed.*

TAYLOR and CONNER, JJ., concur.

*       *       *

**Not final until disposition of timely filed motion for rehearing.**