We have on appeal the sentence of the trial court imposing the death penalty upon John Loveman Reese. We have jurisdiction pursuant to article V, section 3(b)(1) of the Florida Constitution. For the reasons expressed below, we affirm.
Reese was convicted of first-degree murder and sentenced to death. The facts of this case are set forth in detail in Reese v.State, 694 So.2d 678 (Fla. 1997). On the initial direct appeal, this Court affirmed the conviction but remanded to the trial court for the entry of a new sentencing order expressly weighing all mitigating evidence presented. See id. at 684. On remand, the trial court did not hold a new hearing; the trial court simply entered the revised sentencing order. Prior to entering this order, the State filed a sentencing memorandum without request of the trial court. It is disputed whether counsel for Reese received this memorandum. Regardless, Reese did not submit his own sentencing memorandum. On appeal, this Court again remanded with directions to "conduct a new hearing, giving both parties an opportunity to present argument and submit sentencing memoranda before determining an appropriate sentence." Reese v. State,728 So.2d 727, 728 (Fla. 1999).
The trial court held a new hearing on April 28, 1999. Both parties submitted sentencing memoranda prior to the hearing and presented argument during the hearing. On June 16, 1999, the trial court reconvened the parties and sentenced Reese to death. Pursuant to the instructions on remand from this Court, the trial court entered an amended sentencing order which specifically addressed each of the aggravating and mitigating circumstances. The court found three aggravators: (1) the homicide was committed during a burglary and sexual battery; (2) the homicide was heinous, atrocious, or cruel (HAC); and (3) the homicide was committed in a cold, calculated, and premeditated manner (CCP). The court found no statutory mitigators. The court found seven nonstatutory mitigators: (1) good jail record (minimal weight); (2) positive character traits (minimal weight); (3) defendant's support of Jackie Grier and her children (very little weight); (4) his possessive relationship with Jackie Grier (minimal weight); (5) emotional immaturity (little weight); (6) possible use of drugs and alcohol around the time of the murder (little weight); and (7) lack of a significant criminal record (very slight weight). The court rejected the following nonstatutory mitigators: (1) defendant's adaptability to prison life; (2) childhood trauma other than the death of his mother; (3) emotional or mental impairment at the time of the murder; and (4) use of crack cocaine at the time of the murder.
Reese raises three issues in this appeal: (1) the trial court erred in rejecting several of Reese's proposed mitigating circumstances; (2) the trial court erred in finding CCP and in giving the jury an unconstitutional instruction on this aggravator; and (3) the imposition of the death sentence is disproportionate. We address these claims in turn.
Reese argues in his first claim that the trial court erred in rejecting the mitigating circumstances of Reese's traumatic childhood, possessive relationship with Jackie Grier, mental impairment at the time of the crime, and amenability to *Page 1059 
prison life. We disagree. In the original direct appeal opinion, this Court remanded this case to the trial court "for the entry of a new sentencing order expressly discussing and weighing the evidence offered in mitigation according to the terms we outlined in cases like Campbell." Reese, 694 So.2d at 684. In Campbellv. State, 571 So.2d 415, 419-20 (Fla. 1990), this Court provided the following guidelines for discussing and weighing mitigators:
 [T]he sentencing court must expressly evaluate in its written order each mitigating circumstance proposed by the defendant to determine whether it is supported by the evidence and whether, in the case of nonstatutory factors, it is truly of a mitigating nature. . . . The court next must weigh the aggravating circumstances against the mitigating and, in order to facilitate appellate review, must expressly consider in its written order each established mitigating circumstance. . . . To be sustained, the trial court's final decision in the weighing process must be supported by "sufficient competent evidence in the record."
(Footnote and citations omitted.) "The decision as to whether a mitigating circumstance has been established is within the trial court's discretion." Preston v. State, 607 So.2d 404, 412 (Fla. 1992).
In the original sentencing order, the trial court simply stated:
 The Court finds that no other circumstances that would mitigate a first degree murder were established by the evidence. The Defendant's behavior in jail, the circumstances of his upbringing, the breakup of his relationship with his girlfriend Jacqueline Grier, and the potential sentences on the other two counts for which he was convicted are of minimal or no mitigation, in light of all the facts and circumstances of the case, including the aggravating circumstances listed above.
In contrast, the trial court's amended order devotes eight pages to discussing and evaluating each of the nonstatutory mitigators raised by Reese. The amended order is very detailed and satisfies the requirements of Campbell. The record supports the trial court's conclusion that the mitigators either had not been established or were entitled to minimal, little, very little, or very slight weight. Thus, we find that there is no merit to Reese's first claim of error.
We also reject Reese's second claim that the trial court erred in finding CCP in this case, as this Court already considered and denied this claim in the initial direct appeal.See Reese, 694 So.2d at 684 ("The facts of this case — where Reese waited in the victim's house for hours, then hid for several more before raping and killing her — provide ample evidence of heightened premeditation; evidence of a careful plan or prearranged design; evidence that Reese killed the victim after cool, calm reflection; and no pretense of moral or legal justification."). There was no infirmity in the trial court's analysis of CCP in the original sentencing order. Because no new evidence was presented after the remand in the present case, nothing has changed since this Court's previous affirmance of CCP, and therefore we are bound by our previous ruling on this issue.[1]
Finally, we address Reese's final claim regarding the proportionality of the death penalty. This Court's function in a proportionality review is not to reweigh the mitigating factors against the aggravating factors; that is the function of the trial judge. See Bates v. State, 750 So.2d 6 (Fla. 1999). Rather, our responsibility is to "consider the totality of circumstances in a case, and to compare it with other capital *Page 1060 
cases." Porter v. State, 564 So.2d 1060, 1064 (Fla. 1990). The death penalty is reserved only for those cases where the most aggravating and least mitigating circumstances exist. SeeKramer v. State, 619 So.2d 274, 278 (Fla. 1993).
In the present case, the trial court found three aggravators: HAC, CCP, and that the murder was committed in the course of a sexual battery and a burglary. The trial court did not find any statutory mitigators and only gave the nonstatutory mitigators either minimal, little, very little, or very slight weight. The circumstances of this case are similar to other cases where the death penalty has been imposed. For instance, in Branch v. State,685 So.2d 1250 (Fla. 1996), the female victim was beaten, stomped, sexually assaulted, and strangled by the defendant. The defendant was convicted of first-degree murder and sentenced to death. The trial court found three aggravators (murder committed in the course of a sexual battery, prior violent felony conviction, and HAC) and several nonstatutory mitigators. On appeal, this Court affirmed the sentence of death. See id. at 1253. See also Mendyk v. State, 545 So.2d 846 (Fla. 1989) (involving a strangulation with three aggravators (murder was committed during a kidnaping and sexual battery; HAC; and CCP) and one mitigator (age of 21)). Hence, there is no merit to Reese's final claim, as the sentence is proportionate in this case.
Accordingly, for the reasons stated in this opinion, we affirm the sentence of death.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
[1] We reject Reese's argument that the trial court opened the door for this Court to reconsider this issue by changing its analysis of the CCP aggravator in the amended sentencing order. A comparison of the original sentencing order and the amended sentencing order reveals that the changes are merely semantic and do not alter the substance of the analysis.