BEAM, Justice,
dissenting:
¶ 18. Respectfully, I dissent from the majority’s conclusion that the chancellor erred in granting the Rule 41 motion to dismiss the divorce complaint. This Court will not disturb the findings of a chancellor “unless the chancellor was manifestly wrong, clearly erroneous, or applied the wrong legal standard.” McNeil v. Hester, 768 So.2d 1057, 1063 (Miss.2000),
¶ 19. The majority finds that the chancellor applied- the' -wrong legal standard because he failed to specify in his findings of fact-whether he had considered Ty’s alleged abuse of Tyler in • determining whether Propst had provided sufficient evidence-to support a divorce-for habitual cruel -and -inhuman treatment. While I agree that chancellors may consider evidence of abuse to a child -when determining whether -a divorce1 on this ground should be granted, the record before us does not evidence the- chancellor failed 'to consider such or that the 'chancellor applied the wrong legal standard. -
¶20. In considering a motion to di§-miss, the judge must consider the evidence fairly and not in the light most favorable to the plaintiff. In re Adoption of D.N.T., 843 So.2d 690, 711 (Miss.2003). “‘The court must deny a motion to dismiss only if the judge would be obliged to find for the plaintiff if the plaintiffs evidence were all the evidence offered in the case.’” Id. (quoting Century 21 Deep S. Props., Ltd. v. Corson, 612 So.2d 359, 369 (Miss.1992)).
¶21. In the ten-page findings of .fact, the chancellor- addressed, the reasons Propst-argued .to support a divorce in her ■favor. The chancellor stated that “looking ,at the-evidence fairly,” Propst did not present sufficient evidence to warrant a divorce. The majority correctly notes that the chancellor neither mentioned nor made any findings of , fact-in regard to whether he accepted or rejected all the testimony related to the alleged abuse toward Tyler.[10] (Maj.Óp^ 14). But the majority concluded that it is not clear whether he even considered the abuse. Id. Í do not agree.
¶22. The' chancellor heard testimony from Propst, Tyler, and Ty. Tyler testi *736 fied about several instances in which Ty exhibited anger and violence toward her. She testified that he had broken her bedroom door, had taken her phone and had smashed it with a hammer. She testified that Ty had thrown her into a wall and burst a vein in her hip and, on another occasion, had “punched” her into a brick wall. She also testified that when she was younger, he would hit her with the belt buckle, making her skin welt. Ty, contrastingly, denied ever being physically abusive toward Tyler, although he admitted that he had destroyed Tyler’s phone. He also admitted to slapping Tyler with the tips of his fingers. The chancellor heard the testimonial evidence from both Tyler and Ty in regard to Tfys treatment of Tyler.
¶23. In response to Ty’s motion to dismiss, Propst’s attorney stated: “we believe we’ve done an adequate job of showing inhuman — habitual inhuman treatment, cruel and inhuman treatment, through his abuse of not only of his wife, but his children ... [,][o]f Tyler Pittman.” Propst could have asked the chancellor to make findings of fact, and the chancellor could have, but it is not appropriate for this Court to do so. Although the chancellor did not specify in the -findings of fact whether he believed the allegations of abuse, we have nothing before us in a cold record to find opposite. There was ample testimony, and Propst argued the abuse toward Tyler supported her grounds for divorce.
¶ 24. Lastly, the chancellor has an advantage over the reviewing court because he has the opportunity to see and hear the witnesses testify. Being in the position to study each witness’s demeanor and make credibility determinations with respect to each witness, the chancellor was in the better position to assess the evidence and weigh the truthfulness and reliability of the witnesses. Obviously, the chancellor held that habitual cruel and inhuman treatment was not proven to him, and thus the proper grounds for divorce had not been established. I would affirm and find that the chancellor did not err in granting the motion to dismiss.
¶25. I agree with the majority that abuse and cruelty to one’s child may cause such injury to the spouse as to rise to the level of grounds for divorce of habitual cruel and inhuman treatment. But the chancellor’s failure to grant the divorce does not exhibit his lack of knowledge of that truth.
RANDOLPH, P.J., AND LAMAR, J., JOIN THIS OPINION.

. There was no request for findings of fact.