PER CURIAM.
Dusty Ray Spencer, a prisoner under sentence of death, appeals the circuit court's order summarily denying his successive motion for postconviction relief, which was filed under Florida Rule of Criminal Procedure 3.851. We have jurisdiction. See art. V, § 3(b)(1), Fla. Const.
Spencer was convicted of the 1992 first-degree murder of his wife, Karen Spencer. Spencer v. State , 645 So.2d 377, 380 (Fla. 1994), cert. denied , 522 U.S. 884, 118 S.Ct. 213, 139 L.Ed.2d 148 (1997). The jury recommended a death sentence by a seven to five vote, and the trial judge followed the jury's recommendation and imposed a sentence of death. Id. We affirmed Spencer's conviction on direct appeal. Id. at 383. As to the death sentence, we concluded that the trial court improperly found an aggravating factor-that the murder was cold, calculated, and premeditated-and improperly failed to consider the statutory mental mitigating circumstances of extreme disturbance and impaired capacity; thus, we vacated the death sentence and remanded the case for reconsideration of the sentence by the judge. Id. at 385. On remand, the trial court again imposed a sentence of death, and we affirmed the sentence. Spencer v. State , 691 So.2d 1062, 1063, 1066 (Fla. 1996), cert. denied , 522 U.S. 884, 118 S.Ct. 213, 139 L.Ed.2d 148 (1997). Spencer's sentence became final in 1997 when the United States Supreme Court denied certiorari review. See Fla. R. Crim. P. 3.851(d)(1)(B) (stating that for the purposes of filing postconviction claims under rule 3.851, a judgment and sentence become final "on the disposition of the petition for writ of certiorari by the United States Supreme Court, if filed").
In 2003, we affirmed the denial of Spencer's initial motion for postconviction relief and denied his petition for a writ of habeas corpus. Spencer v. State , 842 So.2d 52, 58 (Fla. 2003). In 2009, we affirmed the summary denial of Spencer's first successive motion for postconviction relief. Spencer v. State , 23 So.3d 712 (Fla. 2009) (table). In January 2017, Spencer filed a successive motion to vacate his death sentence in light of Hurst v. Florida , --- U.S. ----, 136 S.Ct. 616, 193 L.Ed.2d 504 (2016), and Hurst v. State (Hurst ), 202 So.3d 40 (Fla. 2016), cert. denied , --- U.S. ----, 137 S.Ct. 2161, 198 L.Ed.2d 246 (2017). In April 2017, the circuit court summarily denied the motion. This appeal follows. During the pendency of this case in this Court, we directed the parties to file briefs addressing why the circuit court's order should not be affirmed based on our precedent in Hitchcock v. State , 226 So.3d 216, 217 (Fla.), cert. denied , --- U.S. ----, 138 S.Ct. 513, 199 L.Ed.2d 396 (2017).
In Hitchcock , we held that "our decision in *714 Asay [v. State , 210 So.3d 1, 22 (Fla. 2016), cert. denied , --- U.S. ----, 138 S.Ct. 41, 198 L.Ed.2d 769 (2017),] forecloses relief" under Hurst for defendants whose convictions and sentences were final prior to the United States Supreme Court's decision in Ring v. Arizona , 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002). See also Lambrix v. State , 227 So.3d 112, 113 (Fla.) (rejecting Lambrix's argument that the Eighth Amendment, equal protection, and due process require that Hurst be applied retroactively to Lambrix even though his sentences were final prior to Ring ), cert. denied , --- U.S. ----, 138 S.Ct. 312, 199 L.Ed.2d 202 (2017). Thus, because his sentence became final prior to Ring , Spencer is not entitled to Hurst relief.
Nor is Spencer entitled to relief on his other claims. Spencer's claim that he should have been entitled to have a jury reweigh the aggravation and mitigation when his case was remanded for reconsideration of the sentence by the trial judge in 1994 is untimely and procedurally barred. Spencer's assertion that his death sentence cannot withstand Eighth Amendment scrutiny because this Court's refusal to grant him Hurst relief is arbitrary and capricious does not present a basis for relief. This "argument is not novel and has been previously rejected by this Court." Asay v. State , 224 So.3d 695, 703 (Fla. 2017). And Spencer's claim that his death sentence violates Caldwell v. Mississippi , 472 U.S. 320, 105 S.Ct. 2633, 86 L.Ed.2d 231 (1985), and the Eighth Amendment is foreclosed by our recent decision in Reynolds v. State , 251 So.3d 811, 825 (Fla. 2018), petition for cert. filed , No. 18-5181 (U.S. July 3, 2018), in which we held that "a Caldwell claim based on the rights announced in Hurst and Hurst v. Florida cannot be used to retroactively invalidate the jury instructions that were proper at the time under Florida law" (citing Romano v. Oklahoma , 512 U.S. 1, 9, 114 S.Ct. 2004, 129 L.Ed.2d 1 (1994) ). Accordingly, we affirm the circuit court's order summarily denying Spencer's successive motion for postconviction relief.
It is so ordered.
LEWIS, QUINCE, POLSTON, LABARGA, and LAWSON, JJ., concur.
CANADY, C.J., concurs in result.
PARIENTE, J., dissents with an opinion.