# Supreme Court of Florida

_____

No. SC18-815
_____

**JOHN LOVEMAN REESE,**
Appellant,

vs.

**STATE OF FLORIDA,**
Appellee.

January 4, 2019

PER CURIAM.

John Loveman Reese, a prisoner under sentence of death, appeals the circuit court's order denying in part and dismissing in part his successive motion for postconviction relief, which was filed under Florida Rule of Criminal Procedure 3.851. We have jurisdiction. *See* art. V, § 3(b)(1), Fla. Const.

In 1993, a jury convicted Reese of first-degree murder, sexual battery with great force, and burglary with assault. *Reese v. State*, 694 So. 2d 678, 680 (Fla. 1997). After hearing evidence at the penalty phase, the jury recommended a death sentence by an eight-to-four vote. *Id.* The trial judge accepted the recommendation and imposed a sentence of death. *Id.* On direct appeal in 1997, we affirmed the conviction. *Id.* at 685. However, we found the sentencing order

deficient for failing to "expressly discuss[] and weigh[] the evidence offered in mitigation," as required by *Campbell v. State*, 571 So. 2d 415, 419-20 (Fla. 1990). *Reese*, 694 So. 2d at 684. Accordingly, we remanded for the entry of a new sentencing order. *Id.* In 1999, we again remanded the sentencing order, directing the trial court "to conduct a new hearing . . . before determining an appropriate sentence." *Reese v. State*, 728 So. 2d 727, 728 (Fla. 1999). In 2000, we reviewed the revised sentencing order and affirmed the sentence of death. *Reese v. State*, 768 So. 2d 1057, 1060 (Fla. 2000). Reese's conviction and death sentence became final on March 5, 2001, when the United States Supreme Court denied his petition for writ of certiorari. *Reese v. Florida*, 532 U.S. 910 (2001); *see* Fla. R. Crim. P. 3.851(d)(1)(B).

In 2009, we affirmed the denial of Reese's initial motion for postconviction relief. *Reese v. State*, 14 So. 3d 913, 920 (Fla. 2009). In 2017, Reese filed a successive postconviction motion to vacate his death sentence under *Hurst v. Florida* (*Hurst v. Florida*), 136 S. Ct. 616 (2016), and *Hurst v. State* (*Hurst*), 202 So. 3d 40 (Fla. 2016), *cert. denied*, 137 S. Ct. 2161 (2017).[1] The circuit court entered an order summarily denying his claim. This appeal followed.

---

1. Reese raised two additional claims: (1) there is a possibility that new forensic brain scanning technologies will reveal additional mental health mitigation; and (2) there is a likelihood that he has an intellectual disability under

In *Asay v. State*, 210 So. 3d 1, 22 (Fla. 2016), *cert. denied*, 138 S. Ct. 41 (2017), we held that *Hurst* and *Hurst v. Florida* do not apply retroactively to defendants whose death sentences were final before the United States Supreme Court rendered its decision in *Ring v. Arizona*, 536 U.S. 584 (2002). *See Hitchcock v. State*, 226 So. 3d 216, 217 (Fla.) (concluding that *Asay* denies "retroactive application of *Hurst v. Florida* as interpreted in *Hurst v. State* to defendants whose death sentences were final when the Supreme Court decided *Ring*"), *cert. denied*, 138 S. Ct. 513 (2017); *Mosley v. State*, 209 So. 3d 1248, 1274 (Fla. 2016) ("[W]e have . . . held in *Asay v. State*, that *Hurst* does not apply retroactively to capital defendants whose sentences were final before the United States Supreme Court issued its opinion in *Ring*."). Therefore, because Reese's sentence became final prior to the issuance of *Ring*, he is not entitled to relief under *Hurst* and *Hurst v. Florida*.

Nor is Reese entitled to relief on his other claims. Reese first asserts that our retroactivity scheme runs afoul of the Fourteenth Amendment's Equal Protection Clause. However, in *Lambrix v. State*, 227 So. 3d 112, 113 (Fla. 2017), we rejected the claim that our "decisions regarding the retroactivity of *Hurst v. Florida* and *Hurst* violate equal protection." Similarly without merit is Reese's contention

---

*Hall v. Florida*, 572 U.S. 701 (2014). The circuit court dismissed both claims as unripe, and Reese did not appeal their dismissal.

that the retroactivity cutoff at *Ring* cannot withstand Eighth Amendment scrutiny because it results in arbitrary and capricious imposition of the death penalty. This "argument is not novel and has been previously rejected by this Court." *Asay v. State*, 224 So. 3d 695, 703 (Fla. 2017). And Reese's allegation that his death sentence violates the Eighth Amendment under *Caldwell v. Mississippi*, 472 U.S. 320 (1985), is foreclosed by our recent decision in *Reynolds v. State*, 251 So. 3d 811 (Fla.), *cert. denied*, 139 S. Ct. 27 (2018). There, we held that "a *Caldwell* claim based on the rights announced in *Hurst* and *Hurst v. Florida* cannot be used to retroactively invalidate the jury instructions that were proper at the time under Florida law." *Reynolds*, 251 So. 3d at 825 (citing *Romano v. Oklahoma*, 512 U.S. 1, 9 (1994)). Accordingly, we affirm the circuit court's order denying in part and dismissing in part Reese's successive motion for postconviction relief.

It is so ordered.

LEWIS, POLSTON, LABARGA, and LAWSON, JJ., concur.
CANADY, C.J., concurs in result.
PARIENTE, J., concurs in result with an opinion.
QUINCE, J., recused.

NO MOTION FOR REHEARING WILL BE ALLOWED.

PARIENTE, J., concurring in result.

I concur in result because, although I recognize that this Court's decisions regarding the retroactivity of *Hurst*[2] are now final,[3] I would grant a new penalty phase based on the jury's nonunanimous recommendation for death by a vote of eight to four. Per curiam op. at 1. As I have continuously explained, this Court's precedent setting the United States Supreme Court's decision in *Ring v. Arizona*, 536 U.S. 584 (2002), as the cutoff for *Hurst* retroactivity results in unconstitutional arbitrariness. *See Hitchcock*, 226 So. 3d at 220-21 (Pariente, J., dissenting); *Asay V*, 210 So. 3d at 32-36 (Pariente, J., concurring in part and dissenting in part). This case is one of those very specific instances.

Although this Court first affirmed Reese's conviction in 1997, his sentence of death did not become final until March 2001—thirteen months before *Ring*. Per curiam op. at 1-2.[4] In fact, in 1999, this Court remanded Reese's case for the second time to the trial court to allow the parties to present written and oral arguments before determining an appropriate sentence. Per curiam op. at 2.

---

2. *Hurst v. State* (*Hurst*), 202 So. 3d 40 (Fla. 2016), *cert. denied*, 137 S. Ct. 2161 (2017); *see Hurst v. Florida*, 136 S. Ct. 616 (2016).

3. *Hitchcock v. State*, 226 So. 3d 216 (Fla.), *cert. denied*, 138 S. Ct. 513 (2017); *Asay v. State* (*Asay V*), 210 So. 3d 1 (Fla. 2016), *cert. denied*, 138 S. Ct. 41 (2017); *Mosley v. State*, 209 So. 3d 1248 (Fla. 2016).

4. *Reese v. State*, 768 So. 2d 1057 (Fla. 2000); *Reese v. State*, 728 So. 2d 727 (Fla. 1999); *Reese v. State*, 694 So. 2d 678 (Fla. 1997).

Similar to the situation in *Spencer v. State*, 43 Fla. L. Weekly S558 (Fla. Nov. 8, 2018), had "this Court . . . reversed for a new penalty phase rather than remanding the case for 'reconsideration' of the aggravation and mitigation by the trial court," Reese would have likely been entitled to *Hurst* relief. *Spencer*, 43 Fla. L. Weekly at S559 (Pariente, J., dissenting); *see Mosley*, 209 So. 3d at 1283.

Because *Hurst* should apply to Reese's case, I would grant Reese a new penalty phase.

An Appeal from the Circuit Court in and for Duval County,
    Steven B. Whittington, Judge - Case No. 161992CF004174AXXXMA

Christopher J. Anderson, Neptune Beach, Florida,

    for Appellant

Pamela Jo Bondi, Attorney General, and Jennifer A. Donahue, Assistant Attorney General, Tallahassee, Florida,

    for Appellee