# Supreme Court of Florida

_____

No. SC19-1532
_____

**JOHN D. FREEMAN,**
Appellant,

vs.

**STATE OF FLORIDA,**
Appellee.

August 13, 2020

PER CURIAM.

John D. Freeman, a prisoner under sentence of death, appeals the circuit court's order summarily denying his second successive motion for postconviction relief.[1]  For the reasons that follow, we affirm the order.

## FACTS

In 1986, John D. Freeman was convicted of the first-degree felony murder of Leonard Collier and burglary with an assault.  *Freeman v. State* (*Freeman I*), 563

---

1.  We have jurisdiction.  *See* art. V, § 3(b)(1), Fla. Const.

So. 2d 73, 74 (Fla. 1990).  At the police station the night of the murder, Freeman

admitted to burglarizing Collier's home but told police that he only hit Collier

twice in self-defense after Collier pointed a gun at him.  *Id*. at 75.  Contrary to

Freeman's account, the neighbor who called the police testified at trial that he saw

someone hitting Collier repeatedly over the head with an object.  *Id*.  The medical

examiner testified that Collier had been struck in the head approximately twelve

times.  *Id*.  Collier died from profuse bleeding several hours after the assault.  *Id*.

The jury recommended death by a nine-to-three vote and the trial judge

imposed the death sentence.[2]  *Id*.  We affirmed Freeman's conviction and sentence

on direct appeal, *id*. at 77, and the Supreme Court denied certiorari review.

*Freeman v. Florida* (*Freeman II*), 501 U.S. 1259 (1991).  We also affirmed denial

of Freeman's initial postconviction motion and denied habeas relief.  *Freeman v.*

*State* (*Freeman III*), 761 So. 2d 1055, 1058 (Fla. 2000) (remanding for an

evidentiary hearing on the claim that counsel was ineffective but otherwise

---

2. The trial court found three aggravating circumstances: (1) Freeman had previously been convicted of the crimes of first-degree murder, armed robbery, and burglary to a dwelling with an assault, all committed three weeks before the Collier murder; (2) the murder occurred while Freeman was committing a burglary to a dwelling; and (3) the murder was committed for pecuniary gain.  The court did not find any statutory mitigating factors but found four nonstatutory mitigating circumstances: (1) Freeman was of low intelligence; (2) Freeman had been abused by his stepfather; (3) Freeman possessed some artistic ability; and (4) Freeman enjoyed playing with children.  *Freeman I*, 563 So. 2d at 75.

affirming denial of 3.850 motion and habeas relief); *Freeman v. State* (*Freeman IV*), 858 So. 2d 319, 321 (Fla. 2003) (affirming denial of ineffective assistance of counsel claims).

In 2017, Freeman filed a second successive 3.851 motion[3] in which he claimed he was entitled to relief under *Hurst*[4] (asserting that his nonunanimous jury recommendation of death rendered his death sentence unconstitutional) and *Atkins*[5] (asserting that he is intellectually disabled and therefore cannot be put to death). The trial court initially granted an evidentiary hearing on Freeman's intellectual disability claim, but later issued an order to show cause why this claim should not be summarily denied in light of this Court's decision in *Bowles v. State*, 276 So. 3d 791 (Fla. 2019). The trial court subsequently vacated the order granting an evidentiary hearing and summarily denied Freeman's second successive postconviction motion. This appeal followed.

## ANALYSIS

First, Freeman is not entitled to retroactive *Hurst* relief. Under this Court's precedents, *Hurst* relief is not available to defendants, like Freeman, whose death

---

3. Freeman did not appeal the denial of his first successive 3.851 motion.

4. *Hurst v. Florida*, 136 S. Ct. 616 (2016) and *Hurst v. State*, 202 So. 3d 40 (Fla. 2016).

5. *Atkins v. Virginia*, 536 U.S. 304 (2002).

sentences were final prior to the Supreme Court's decision in *Ring v. Arizona,* 536

U.S. 584 (2002). This Court has repeatedly denied claims similar to Freeman's,

and we decline to revisit our precedents here. *See Robinson v. State*, 260 So. 3d

1011, 1015 (Fla. 2018) (rejecting a "fundamental fairness" retroactivity standard

based on preservation of a *Ring*-like claim); *see also Foster v. State*, 258 So. 3d

1248, 1252-53 (Fla. 2018) (rejecting claims from pre-*Ring* defendants arguing that

a "nonunanimous death sentence violates the Eighth Amendment"); *see generally*

*Reese v. State*, 261 So. 3d 1246, 1246-47 (Fla. 2019).[6]

Second, Freeman is not entitled to postconviction relief on his intellectual

disability claim, because that claim is untimely. In support of his intellectual

disability claim, Freeman relies on his score of 72 on an IQ test administered in

2017; earlier IQ tests, administered in 1988 and 1992, yielded scores of 83 and 84.

Freeman maintains that, in light of his 2017 test score, he is entitled to an

evidentiary hearing on whether he can meet all three prongs of the test for

intellectual disability.[7] However, Freeman's intellectual disability claim is

---

6. Even without our precedent holding that *Hurst* is not retroactive to pre-*Ring* convictions, our recent decision in *State v. Poole*, 45 Fla. L. Weekly S41 (Fla. Jan. 23, 2020), 45 Fla. L. Weekly S121 (Fla. Apr. 2, 2020), would preclude relief for Freeman on the merits. Unanimous juries found Freeman guilty of prior violent felonies, rendering Freeman eligible for the death penalty. Accordingly, under *Poole*, Freeman's death sentence does not violate the Sixth Amendment.

7. "A defendant must establish intellectual disability by demonstrating the following three factors: (1) significantly subaverage general intellectual

predicated on our decision in *Walls v. State*, 213 So. 3d 340 (Fla. 2016), where we held that the Supreme Court's decision in *Hall v. Florida*, 572 U.S. 701 (2014), is retroactive. We have since receded from *Walls*. *See Phillips v. State*, No. SC18-1149 (Fla. May 21, 2020). Accordingly, under the governing version of Florida Rule of Criminal Procedure 3.203, which this Court adopted in the wake of the Supreme Court's decision in *Atkins*, Freeman was required to raise his intellectual disability claim no later than 60 days after October 1, 2004. *See Amendments to Fla. Rules of Criminal Procedure & Fla. Rules of Appellate Procedure*, 875 So. 2d 563, 571 (Fla. 2004).

We affirm the postconviction court's summary denial of Freeman's successive postconviction motion.

It is so ordered.

CANADY, C.J., and POLSTON, LAWSON, MUÑIZ, and COURIEL, JJ., concur.
LABARGA, J., concurs in result with an opinion.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

---

functioning; (2) concurrent deficits in adaptive behavior; and (3) manifestation of the condition before age eighteen." *Salazar v. State*, 188 So. 3d 799, 811 (Fla. 2016).

LABARGA, J., concurring in result.

Consistent with this Court's precedent rejecting claims of *Hurst*[8] relief in cases where the defendant's death sentence was final when *Ring*[9] was decided, I concur with the majority that Freeman is not entitled to the retroactive application of *Hurst*. However, in denying relief, the majority cites *State v. Poole*,[10] a wrongfully decided opinion to which I strenuously dissented. Thus, I concur in the result.

Moreover, I agree with the majority that Freeman's claim of intellectual disability is untimely. However, in resolving Freeman's intellectual disability claim, the majority relies on its decision in *Phillips v. State*, 45 Fla. L. Weekly S163 (Fla. May 21, 2020) (holding that *Hall v. Florida*, 572 U.S. 701 (2014), is not to be retroactively applied, and receding from *Walls v. State*, 213 So. 3d 340 (Fla. 2016)). Consequently, I can only concur in the result.

An Appeal from the Circuit Court in and for Duval County,
Tatiana Radi Salvador, Judge - Case No. 161986CF011599AXXXMA

Robert S. Friedman, Capital Collateral Regional Counsel, Dawn B. Macready and Stacy R. Biggart, Assistant Capital Collateral Regional Counsel, Northern Region, Tallahassee, Florida,

---

8. *Hurst v. Florida*, 136 S. Ct. 616 (2016); *Hurst v. State*, 202 So. 3d 40 (Fla. 2016).

9. *Ring v. Arizona*, 536 U.S. 584 (2002).

10. *State v. Poole*, 45 Fla. L. Weekly S41 (Fla. Jan. 23, 2020), *clarified*, 45 Fla. L. Weekly S121 (Fla. Apr. 2, 2020).

for Appellant

Ashley Moody, Attorney General, and Charmaine Millsaps, Senior Assistant Attorney General, Tallahassee, Florida,

for Appellee